HARTY v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Negligence:** VARIANCE. In actions for negligence, the evidence should correspond to the specific neglect charged.

2. **Practice:** INSTRUCTIONS. An instruction is improper which submits an issue to the jury when there is no evidence to support it.

3. **Negligence:** EVIDENCE: ESTOPPEL. An employe, who sues a railroad for injuries received in operating a hand-car, will not be permitted to recover on the ground that the company failed to furnish a sufficient number of men to operate the car, where he testified on the trial that the injury was occasioned by the improper location of a keg of water on the hand-car.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Bennètt Pike* and *H. G. Herbel* for appellant.

(1) The court erred in admitting incompetent and illegal evidence offered by plaintiff. (2) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's case. *Moore v. Railroad*, 85 Mo. 588 ; *Hoke v. Railroad*, 88 Mo. 369 ; *Railroad v. Smith*, 9 Lea, 685 ; s. c., 15 Am. & Eng. Ry. Cas. 224 ; *McQueen v. Railroad*, 15 Am. & Eng. Ry. Cases, 226 ; *Railroad v. Kenney*, 64 Ga. 100. (3) The court erred in giving the instructions asked by plaintiff. See authorities *supra*. (4) The court erred in refusing to give the instructions asked by defendant. See authorities *supra*.

*J. W. Collins* and *A. R. Taylor* for respondent.

(1) There are two grounds of recovery stated in the petition, viz., a failure to supply a sufficient number of able-bodied men to operate the hand-car, and, second, that the hand-car was defective and in an unsuitable condition. The evidence of plaintiff tends to establish both assignments. (2) The court did not err in overruling defendant's demurrer to the evidence. *Porter v. Railroad*, 71 Mo. 77 ; *Porter v. Railroad*, 77 Mo. 79 ; *Waldhier v. Railroad*, 87 Mo. 48. The section foreman had charge of the men, and in directing them, his acts were those of the master. *Moore v. Railroad*, 85 Mo. 588 ; *McDermott v. Railroad*, 87 Mo. 294 ; *Ischer v. Railroad*, *ante*, p. 262.

NORTON, C. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant. Plaintiff had judgment,

from which the defendant has appealed, and assigns for
error the action of the court in admitting improper evi-
dence and in giving and refusing instructions.

It is alleged in the petition that plaintiff was in the
employment of defendant as a trackman and under
the direction of one Frank Roach, defendant's sec-
tion foreman ; that he was ordered by said Roach to
get on a hand-car, and run it to a certain switch and
remove it from the railroad in order to get it out of the
way of an approaching train ; that, to properly control
said hand-car, it required two able-bodied men to be on
it ; that the other man on the car with him was phys-
ically incompetent to aid plaintiff in controlling the car ;
that, in the performance of the duty assigned him, one
of his legs was caught between the cog-wheels and box-
ing of said car whilst performing said work, and was
greatly lacerated, stiffened, and made shorter than the
other.    It is then alleged that plaintiff was so caused to
be injured by the negligent act of defendant's agent in
failing to have a man competent and suitable to aid
plaintiff in controlling said car whilst performing said
work ; that the machinery of said car was in a defective
condition ; that at the time there was placed upon said
car a keg of water in such a position that the brake of
said hand-car could not be worked to control its move-
ments, and such defective condition of the machinery of
said hand-car directly contributed to cause plaintiff's
injuries.

On the trial plaintiff testified on his own behalf and
gave this account as to the accident : "I was standing
on the side of the car where the brake was, and Seth
(the man with him on the car) told me to set the brake
and stop the car ; I could not reach the brake because
there was a water-keg and some tools in the way.    *    *
*    I tried to kick the keg of water off with my foot, but
could not.    *    *    *    I hove on the lever and it raised
me up and my foot swung under the lever of the car-box

and went backward dislocating and breaking it.   *   *   *·
The keg was between the brake and the lever, so that I
could not get round to it at all.   It was an ordinary
hand-car, such as was used on all railroads." He further
testified that the keg was on his side and pretty near
under the lever that he was working, that the keg of
water generally set on the other side from the brake.
There was evidence also tending to show that the hand-
car was used in carrying men back and forth on the
road, and that they usually carried on it a keg of water,
and if it was not in proper position on the car it was
moved sometimes by the foreman, and sometimes by the
men.

During the trial, a witness was asked the following
question:    "State whether or not the hand-car was in
proper condition to be operated at the time plaintiff was
ordered to operate it."    This question was objected to
on the ground that the only defective condition of the
car charged in the petition was that the water-keg was
not in proper position.    The objection was overruled
and the witness answered it was not in proper order for
two persons to operate it, especially on account of the
tools.    There is no averment in the petition that the car
was in a defective condition on account of the tools, the
only defective condition of the car alleged being that the
water-keg was not in proper position.    The evidence
was, therefore, improperly received.

It is insisted that the court erred in giving the fol-
lowing instruction :

"The court instructs the jury that if they believe,
from the evidence, that the plaintiff was in the service
of the defendant as a section-hand on the sixteenth day
of July, 1879 ; that on said day he was ordered by
Frank Roach, in connection with one Silk, to remove a
hand-car from defendant's track ; and if the jury believe,
from the evidence, that said Frank Roach was empow-
ered by the defendant to hire and discharge the men

under his control, and the plaintiff; and if the jury believe, from the evidence, that whilst the plaintiff was seeking to remove said hand-car from defendant's track, in pursuance of said order of Frank Roach, his foot was caught in the wheel of said hand-car and injured; and if the jury further believe, from the evidence, that plaintiff's foot was so caught and injured because there was not a sufficient number of persons who were capable to do the work of removing said hand-car from said track furnished by said Roach to do said work, or because the hand-car at said time was not in a suitable condition to be operated by plaintiff and said Silk, and that said Roach knew said hand-car was in said condition at said time; and if the jury believe that the plaintiff was exercising ordinary care at the time of his injury, then plaintiff is entitled to recover."

There is no evidence in the record that Roach was empowered by the defendant to hire and discharge the men under his control, or the plaintiff, and for that reason error was committed in submitting that question to the jury. The instruction is also erroneous in authorizing the jury to find a verdict if they believed that there was not a sufficient number of persons who were capable to do the work of removing said hand-car from the track furnished by said Roach to do said work, as plaintiff in his evidence said his injury was caused by the improper location of the water-keg on the car.

For the errors noted, the judgment will be reversed and cause remanded. All concur.