### WILSON *v.* BROOKLYN EL. R. CO.

*(City Court of Brooklyn, General Term.    April 1, 1890.)*

NEGLIGENCE—DANGEROUS PREMISES.

 That a panel of a stove in a railroad station falls from its place while an employe is raking the fire is sufficient evidence of negligence on the part of the company to go the jury, in an action by a passenger injured thereby, and to sustain a verdict in his favor.

Appeal from trial term.

Action by Charles H. Wilson against the Brooklyn Elevated Railroad Company to recover for personal injuries. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Hoadley, Lauterbach & Johnson*, for appellant.    *M. L. Towns*, for respondent.

CLEMENT, C. J.    The plaintiff claims in this action that on February 10, 1889, he was standing in the station of the defendant, waiting for a train, and that while so doing an ornamental panel of the stove, of the weight of three pounds, fell from its place upon his foot, whereby he suffered severe and painful injuries.    At the trial term a verdict was rendered for the plaintiff for $800, and from the judgment entered thereon, and the order denying a new trial, this appeal is taken.

The counsel for the appellant contends that the motion to dismiss should have been granted, on the ground that there was no sufficient evidence of negligence on the part of the defendant.    It is a conceded fact in the case that the panel did fall upon the foot of plaintiff, and, from the testimony of the physicians upon the trial, the jurors could find that thereby the plaintiff was severely injured.    The stove was produced on the trial by the defendant in the same condition as on the day when the plaintiff was hurt, and the jury inspected the same.    It also appears that the panel was not used as a door, or for any necessary purpose.    The court laid down the proper rule of law, that the defendant was only bound to exercise ordinary care in respect to its stations and approaches.    The plaintiff could not be expected to give any testimony as to the condition of the stove prior to the day he was injured.    He did prove that a piece of iron weighing three pounds fell upon his foot; that it fell from the stove while the gateman was raking the fire; and it can be fairly argued that a panel of a stove in proper repair could not fall from its place under such circumstances.    We therefore hold that the motion to dismiss was properly denied, and, for the same reasons, that the verdict was not against the weight of evidence.

The exception at folio 16 was not well taken. The question objected to was, "Do you know how much," etc. No motion was made to strike out the answer, and the next two questions were not objected to. We hold the appellant to his exception as taken, because the objection was technical. No proof was made in the case of diminution of earnings, and the jury were only instructed to compensate for the pain and injury. In view of the amendment of the complaint to include future damages, we think also that it can be argued under the authorities that the testimony was competent, but it is not necessary to decide the question.

We have examined the other exceptions in the case, and find no error. Judgment and order denying new trial affirmed, with costs.