Hite v. Street Railway Co.

HITE v. METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

## Division Two, July 12, 1895.

1. **Practice**: PLEADING: VARIANCE. Plaintiff can not recover upon a cause of action different from that stated in his petition.

2. **Carrier**: RAILROAD: PASSENGER: NEGLIGENCE: PRESUMPTION. Where a passenger is injured while riding in the vehicle of the carrier and it appears that the accident was due to some imperfection in the carrier's appliances, or to some act of its servants, the presumption of negligence will attach to the carrier.

3. ———: ———: ———. Carriers of passengers, not being insurers of their safety, are not responsible for injuries occurring, while the relation exists, when all reasonable skill and diligence have been used.

4. ———: ———: CASE ADJUDGED. Plaintiff while a passenger on defendant's cable car was thrown off by a sudden jerk while rounding a curve and sustained injuries therefrom. She knew that the car went at a greater rate of speed when going around the curve and was careful to avoid being thrown off. There was no defect in the construction of the road nor in the appliances and the defendant's employees were not negligent. The evidence also showed that the only practicable way to round the curve was to go at the speed of the rope, that the jerking or jarring of the car was incidental to the operation of the road and that no method had been discovered to avoid the difficulty. *Held,* that defendant was not responsible for plaintiff's injuries.

### ON REHEARING.

5. **Practice**: INSUFFICIENCY OF EVIDENCE: DIRECTING A VERDICT. Where the evidence is of such character that the trial judge would have a plain duty to perform in setting aside a verdict for the plaintiff as unsupported by the evidence, it is his duty to interfere before submission to the jury and to direct a verdict for the defendant.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

*Wallace Pratt, W. J. Ferry,* and *I. P. Dana* for appellant.

(1) · The instruction directing the verdict for defendant should have been given. Plaintiff is confined to the act of negligence pleaded. *Waldhier v. Railroad,* 71 Mo. 514; *Harty v. Railroad,* 95 Mo. 368; *Schlereth v. Railroad,* 96 Mo. 509; *Denton v. Railroad,* 52 Iowa, 161; *Carter v. Railroad,* 65 Iowa, 287; *Price v. Railroad,* 72 Mo. 414. (2) Instruction 12 directing a verdict for defendant should have been given because plaintiff was guilty of contributory negligence. According to this testimony, plaintiff,′ with full knowledge of the dangers, voluntarily put herself on the outside of an open car next to the curve, and it is impossible for her to tell what occurred or how she came to fall. The plat shows the car traveled, after she lost her head, at least one hundred and ninety feet, and whether she held on from that on, or what she was doing, she can not tell. This much, however, is certain, had she held on, as did the other ladies, she would not have been injured. The physical facts in the light of the undisputed testimony so teach us, and these physical facts are proper to be considered. *Spohn v. Railroad,* 87 Mo. 74; *Gurley v. Railroad,* 104 Mo. 211; *Hunter v. Railroad,* 23 N. E. Rep. 9. (3) The damages were · excessive. (4) The court should ˙have granted a new trial because of misconduct of the jury.

*Beebe & Watson* for respondent.

(1) The petition was sufficient and the evidence ample to carry the case to the jury. *Coudy v. Railroad,* 85 Mo. 79; *Dougherty v. Railroad,* 81 Mo. 395; *Dougherty v. Railroad,* 97 Mo. 647; *Magoffin v. Railroad,* 102 Mo. 540; *Murphy v. Railroad,* 43 Mo. App. 342; *La-*

*pointe v. Railroad*, 144 Mass. 18; *Madden v. Railroad*, 50 Mo. App. 666; *Clark v. Railroad*, 29 S. W. Rep. (Mo.) 1013. (2) Plaintiff was not guilty of contributory negligence. *Lapointe v. Railroad*, 144 Mass. 18. (3) The damages are not excessive. *Barr v. City of Kansas*, 121 Mo. 22; *Smith v. Railroad*, 119 Mo. 246. (4) The trial court did not abuse its statutory discretion in refusing a new trial on the ground of alleged misconduct of juror Conway and surprise. *State v. Noland*, 111 Mo. 473; *State v. Parker*, 106 Mo. 217; *McCullough v. Ins. Co.*, 113 Mo. 606; *Whitsett v. Ransom*, 79 Mo. 258; *State v. Dusenberry*, 112 Mo. 277; *Russell v. Oliver*, 14 S. W. Rep. 262; *Broat v. Moore*, 47 N. W. Rep. 55; *Flesher v. Hale*, 22 W. Va. 44; *Shotwell v. McElhinney*, 101 Mo. 676; *Tredwell v. Laffoon*, 77 Mo. 26; *Albert v. Latz*, 31 Mo. App. 247; *Culbertson v. Hill*, 87 Mo. 556; *State v. Howard*, 118 Mo. 136.

BURGESS, J.—An action for personal injuries sustained by plaintiff who was a passenger on one of defendant's cable cars, in Kansas City, Missouri, by being thrown from the car, by reason of its negligent management in being run "at a careless and rapid rate of speed and with a jerk," while rounding a curve at the east end of the Twelfth street line. The case was tried before a jury, which rendered a verdict in favor of plaintiff in the sum of $4,950. Defendant then filed motions for new trial and in arrest, which were overruled, and it appealed.

The accident occurred on the afternoon of August 4, 1891. Plaintiff was thrown or fell from the car, the fall resulting in a fracture of the skull at the base of the brain and other injuries.

Just before the car reached the point of the curve where the accident occurred, the speed of the train was increased, it made a sudden lunge, and she was thrown

or fell out onto the ground. She was accustomed to riding on the cars around this curve and knew the danger attending it, and that sometimes it was more dangerous than others, depending upon the smoothness or roughness with which the curve was rounded.

At the end of the line where the accident happened, there is a loop so as to permit the cars to turn around and go back upon the same street. The loop has two curves about seventy feet apart. The train coming from the west stops, facing east, at the usual stopping place, just before reaching the first or south curve. It then rounds the first curve on a down grade by momentum, the road being so constructed that the cable rope can be picked up at the end of the first curve while the train is in motion. From the pick-up to and around the second curve, there is a rise in the grade of six feet to one hundred feet. From the pick-up the train faces north, and runs sixty-four feet until it reaches the second or east curve, and this it rounds until the straight track is reached, leaving the train facing west.

The only witnesses who seemed to know anything about the matter testified that the only practicable way to operate a cable road around this second curve on the up grade, is at the full speed of the cable rope, and in passing around it there are jars and jerks incident to its movement; that sometimes the jars are greater than at others, depending on whether the rope is slack at the curve when the train reaches that point, and, that no known method has been discovered by which these difficulties can be avoided.

Plaintiff boarded at a hotel just south of and adjoining the first curve. On the morning of the accident she and a couple of lady friends started to town, boarding a car on the same line on which the accident occurred, at the stopping place just west of the first

curve. She then informed them of the danger of rounding the curve, and that they must hold on, but on that trip the train went round with little jarring. On the same evening they again boarded a train at the same place for a similar purpose, when plaintiff again warned them of the danger of rounding the curve. Her friends, Mrs. Bowles and Mrs. Miles, took seats on the north side of the car, while plaintiff took a seat on the south side. At her request Mrs. Bowles afterward took a seat with her, on the inside, next to the aisle, which left plaintiff seated on the outside of the curve, the most dangerous position. The car was an open one, and as it proceeded on, passed around the first curve, and had gone about two hundred feet and while rounding the second curve plaintiff fell from the car. She testified that while the train was rounding the curve, she had a firm hold on the back of a seat, and had her feet braced, but, notwithstanding this, she was thrown off.

Defendant's first contention is that the court committed error in refusing to instruct the jury to return a verdict for defendant. The cause of action alleged in the petition is, "that defendant so ran its cars around said loop at a careless and rapid rate of speed and with a sudden jerk," so as to cause the injury complained of. It is argued that, at most, the allegation is that the rate of speed was negligence, and that plaintiff is confined to the action of negligence pleaded. It is well settled law that a plaintiff can not allege one cause of action in his petition and recover upon another cause not stated. *Waldhier v. Railroad*, 71 Mo. 514; *Harty v. Railroad*, 95 Mo. 368. It must, therefore, follow that unless defendant's servants in charge of the cars at the time of the accident were guilty of negligence in running around the loop at a careless and rapid rate of speed and with a sudden jerk, and that was the direct

cause of the injury, plaintiff was not entitled to recover.

The burden was upon plaintiff to establish these facts, by evidence, in addition to the injury, unless it be the law, that, when a person is shown to have been injured without his fault, while the relation of carrier and passenger exists, that the presumption of negligence on the part of the carrier arises, and the burden is on it to overcome that presumption. While it may be conceded that the mere fact that a passenger on board a train of cars is found to be injured, for instance with a bullet hole through his brain, or a limb broken, would raise no presumption of negligence on part of the carrier, the law is otherwise when the injury is shown to have been occasioned by reason of some defect or imperfection of the appliances, or by some omission of duty or negligent act of the servants of the carrier. In such circumstance the presumption of negligence on the part of the carrier arises, and, unless it be overcome by evidence, the carrier will be held liable for the injury.

The evidence on the part of the plaintiff tended to show that the accident resulted from the mismanagement of the train on which plaintiff was being carried in operating it in such a way as to produce a jerk, or lunge, by which she was precipitated from the car and injured, and in such circumstance the presumption is that defendant or its servants were guilty of negligence, resulting in the injury. In *Dougherty v. Railroad*, 81 Mo. 325, it was said: "Without reviewing the authorities, the following proposition is clearly deducible: That where the vehicle or conveyance is shown to be under the control, or management of the carrier or his servants, 'and the accident is such as, under an ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the

defendant, that the accident arose from want of care.' *Scott v. Dock Co.*, 10 Jur. (N. S.) 1108; *Briggs v. Oliver*, 4 Hurl. & Col. 407; *Mullen v. St. John*, 57 N. Y. 568, 569.''

The natural presumption is that the sudden jerk or lurch of the car was produced by those having control of its movements, and, unless evidence to the contrary appeared as part of plaintiff's case, it devolved upon defendant to show that it was produced by some cause beyond its control, that is, that it was not caused by reason of any imperfection of the appliances by which the train was operated, carelessness by those in charge thereof, or that plaintiff was guilty of negligence contributing directly to her injury, otherwise she was entitled to a verdict.

The rule thus announced has no application where the injury is occasioned by an outside agency and without fault on the part of the carrier. In such case, a recovery can only be had upon proof of negligence on the part of the carrier. *Smith v. Railroad*, 32 Minn. 1; *Railroad v. Gibson*, 96 Pa. St. 83.

The evidence showed that the plaintiff upon entering the car, which was an open one, took a seat wide enough for two persons, and that afterward one of her companions, Mrs. Bowles, who was seated upon the opposite side of the car, took a seat by the side of her which placed plaintiff near the outside of the car, and on the outside of the curve, a more dangerous position than if she had been occupying the seat alone, or had been on the inner side. This however was usual among passengers, was with the knowledge and consent of those in charge of the trains, and while she knew that it was dangerous to thus round the curve, she testified that she was using every reasonable precaution to prevent being thrown off. Under such a state of facts she was not guilty of negligence. *Lapointe v. Railroad*,

144 Mass. 18. But it does not necessarily follow that the defendant should be held to respond in damages for the injury sustained. "Carriers of passengers not being insurers of their safety are not responsible where all reasonable care, skill, and diligence, prudence and foresight have been employed." *Sawyer v. Railroad*, 37 Mo. 241. They are "not responsible for accidents where all reasonable skill and diligence have been employed. * * * When everything has been done which human prudence, care, and foresight can suggest, accidents may happen." Story on Bailments, sec. 602.

Again, the same author says: "Passenger carriers bind themselves to carry safely those whom they take into their coaches, as far as human care and foresight will go; that is, for the utmost care and diligence of very cautious persons." [9 Ed.], sec. 601. The rule thus announced has on different occasions met with the approval of this court. *Gilson v. Railroad*, 76 Mo. 283; *O'Connell v. Railroad*, 106 Mo. 482; *Smith v. Railroad*, 108 Mo. 243.

Plaintiff had lived in close proximity to the street car line for about four years, she had repeatedly been a passenger in its cars during that time, knew the danger to be apprehended in going around the curve, had on a former occasion on the same day that the accident happened, and also on the same trip, advised her companions, Mrs. Miles and Mrs. Bowles, of the dangers attending it and to hold on while rounding it. No other person was thrown from the car at the time although there were other passengers.

The evidence clearly showed that in rounding the second curve the grade being upward, the only practicable way was to go at the speed of the rope; that the jarring, swinging, and bumping of the cars was incident to the operation of the road; that sometimes the jar would be greater than at others, because of the slack of

the rope, to prevent which no plan or device had ever been discovered. There was no defect in the appliances by which the cars were operated, or in the construction of the road, nor was there any negligence or carelessness on the part of those in control of the car at the time of the injury. Whatever presumption of negligence there was arising from the injury, and the lurch or jerk in the cars at the time, was completely overcome by the evidence, which showed that all reasonable skill and diligence had been employed by defendant and everything had been done which human prudence, care, and foresight could suggest, in order to prevent injuries to its passengers, and to enable them to be carried safely. No one was to blame for the accident, so far as the record discloses. It was simply one of those unfortunate accidents for which the law holds no one accountable, an injury without a remedy. The instruction asked by the defendant in the nature of a demurrer to the evidence should have been given. The judgment is reversed. All of this division concur.

### ON REHEARING.

BURGESS, J.—It is insisted by plaintiff that the evidence adduced by her made out a *prima facie* case, which entitled her to a verdict, unless overcome by defendant, which was a question for the jury. This is unquestionably the law where there is any substantial evidence introduced on the part of a plaintiff to sustain the allegations in the petition, as the authorities cited by counsel for the plaintiff in their brief abundantly show, but is not the law where the facts necessary to be proven in order to entitle plaintiff to recover are merely conjectural. The evidence clearly showed that the only way the cars could be operated around the curve where the accident happened was by the speed

of the cable, and that the lurch or lunge which precipitated plaintiff from the car was incident to its operation and could not be avoided. These facts were undisputed; therefore, the demurrer to the whole evidence should have been sustained.

There is no evidence upon which to predicate the verdict, and it was the plain duty of the trial court to have sustained the demurrer thereto, as well also as to have set the verdict aside on motion of defendant, because of the want of evidence to support it. The interposition of the demurrer at the close of the case requires us to review the evidence taken as a whole (*Hilz v. Railroad*, 101 Mo. 36), and when this is done there can be but one conclusion, and that is that the plaintiff was not entitled to recover.

"Where the evidence is of that character that the trial judge would have a plain duty to perform in setting aside the verdict as unsupported by the evidence, it is his duty and his prerogative to interfere before submission to the jury and direct a verdict for the defendant." *Jackson v. Hardin*, 83 Mo. 186; *Powell v. Railroad*, 76 Mo. 80; *Reichenbach v. Ellerbe*, 115 Mo. 588.

We have carefully considered the motion for a rehearing filed by plaintiff and all of the authorities cited in support thereof, but see no reason for departing from our original opinion.

The motion for rehearing is overruled. All of this division concur.