STOODY *v.* DETROIT, GRAND RAPIDS & WESTERN RAILWAY CO.

CARRIERS — INJURY TO PASSENGERS — NEGLIGENCE — BURDEN OF PROOF—QUESTION FOR JURY.

*1. When a passenger, riding by invitation in the caboose of a mixed train, is injured by the falling of a bed frame fastened above him when the freight cars are backed against the caboose, the *onus* is upon the railroad company to show that the bed frame was properly secured.

2. It is a fair inference that such a bed frame is a part of the equipment of the car, and the *onus* is upon the company to show that it was not responsible for its existence.

3. Two grounds of negligence are alleged: (1) In backing the freight cars with unnecessary force; (2) in insecurely fastening the bed frame. *Held*, that plaintiff is entitled to go to the jury upon the first ground of negligence, without showing that the frame was insecurely fastened.

* Head-notes by GRANT, J.

Error to Gratiot; Daboll, J.   Submitted April 11, 1900.
Decided June 5, 1900.

Case by Jacob W. Stoody against the Detroit, Grand
Rapids & Western Railway Company for personal injur-
ies.   From a judgment for defendant on verdict directed
by the court, plaintiff brings error.   Reversed.

Plaintiff took passage at St. Louis, Mich., on one of the
defendant's trains, consisting of 20 or 25 cars and a caboose.
It was what is called a "mixed train," carrying both pas-
sengers and freight.   When plaintiff entered the caboose
it was detached, and stood about 15 rods from the depot,
and the rest of the train was backing up to it.   As plain-
tiff was about to board the train, he asked the conductor
how soon the train would leave.   He replied, "In a few
minutes."   There was one other passenger in the caboose.
Plaintiff entered, and took a seat.   He saw the train com-
ing "pretty fast," and braced himself in the seat to avoid
the jar.   When the rest of the train struck the caboose, a
double spring bed with wooden posts, which was situated
above him, fell, one of the posts striking his head and
another his foot, injuring him.   The negligent acts
charged are the backing of the cars against the caboose
with unusual and unnecessary force, and the failure to
secure the bed frame to the car in a safe and secure man-
ner.   The court, at the conclusion of the plaintiff's testi-
mony, directed a verdict for the defendant, upon the
ground that there was no evidence that the bed frame was
insecurely fastened, and that the mere fact that it fell is
not evidence of negligence in fastening it.

*Watson & Chapman,* for appellant.

*R. A. Montgomery,* for appellee.

GRANT, J. (*after stating the facts*).   Plaintiff was a
passenger, invited to ride in the defendant's car, and enter-
ing at the time and place with the knowledge and assent

of the defendant.   He was not guilty of contributory negligence in entering the car and taking a seat, although the rest of the train was then backing towards it.   The law governing the rights of passengers riding upon freight trains, and the duties of railroads in carrying them, is stated in *Moore* v. *Railroad Co.*, 115 Mich. 103 (72 N. W. 1112), and the authorities there cited.   The contract of defendant was to carry plaintiff with the care and precaution incident to the usual and proper methods of running freight trains.   Plaintiff gave evidence tending to show the backing of the train with unusual and unnecessary force.   We think the record leaves a fair inference that this bed frame was a part of the equipment of the car.   If the train was backed with the customary caution and speed, and any portion of the car overhead gave way and fell, the *onus* was then shifted to the defendant to show due care.   If it was backed with such great force as to cause some part of the car to give way, and injure a passenger, then negligence is established, to which proof of a properly-constructed car would be no reply.   If plaintiff had depended solely upon negligence in backing the cars, by reason of which some portion of the car fell upon him, he would not be required to show that the car was negligently constructed.   If the seat on which plaintiff was sitting, or the back of the seat in front of him, to which he was holding, had given way, he would not have been required to allege and prove that the seats were improperly constructed.   Mr. Cooley approves the rule stated in *Sullivan* v. *Railroad Co.*, 30 Pa. St. 234 (72 Am. Dec. 698), that—

"When, in performing this contract, they hurt a passenger without fault of his, the law raises *prima facie* a presumption of negligence, and throws on the company the *onus* of showing it did not exist."   Cooley, Torts, 663.

The author adds:

"This is the rule where the injury is caused by a defect in the road, cars, or machinery, or by a want of diligence or care in those employed, or by any other thing which

the company can and ought to control as a part of its duty to carry the passengers safely. But this rule of evidence is not conclusive. The carrier may rebut the presumption, and relieve himself from responsibility, by showing that the injury arose from an accident which the utmost skill, foresight, and diligence could not prevent."

The same rule is approved in *Wilson* v. *Railroad Co.,* 130 N. Y. 675 (29 N. E. 1034, 9 N. Y. Supp. 277); *Memphis, etc., Packet Co.* v. *McCool,* 83 Ind. 392 (43 Am. Rep. 71); *Railroad Co.* v. *Walrath,* 38 Ohio St. 461 (43 Am. Rep. 433); *White* v. *Railroad Co.,* 144 Mass. 404 (11 N. E. 552); *Och* v. *Railway Co.,* 130 Mo. 27 (31 S. W. 962, 36 L. R. A. 442).

The learned counsel for defendant cites, in support of his contention, 4 Elliott, R. R. § 1644, which reads:

"It is, therefore, too broad a statement of the rule to say that in all cases a presumption of negligence on the part of the carrier arises from the mere happening of an accident or an injury to a passenger, regardless of the circumstances and nature of the accident. The true rule would seem to be that, when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, without contributory negligence on the part of the passenger, a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury."

Under this rule, we are of the opinion that the case was one for the jury. It would be so unusual that a hat-rack or other equipment of a car should give way by a jar, when trains are made up in the ordinary manner, that it may fairly be inferred it could not have happened without negligence in construction. But, aside from the question whether the bed frame was properly secured, plaintiff was entitled to go to the jury upon the question whether there was negligence in backing the freight cars against the

caboose, and whether that caused the accident; and, as already stated, the company could not defend by showing the proper construction of the bed frame.

Judgment reversed, and new trial ordered.

The other Justices concurred.