THURSTON v. DETROIT UNITED RAILWAY.

1. CARRIERS—INJURY TO PASSENGERS—BURDEN OF PROOF.

In an action by a passenger against a carrier for personal injuries, the burden of proof rests upon plaintiff to show negligence.

2. SAME—NEGLIGENCE OF RAILWAY—NEGLIGENCE OF THIRD PERSON.

In an action by a passenger against a street-railway company, for personal injuries received in a collision between the defendant's car and a wagon, the plaintiff is entitled to recover if the motorman was negligent, although the driver of the wagon was also negligent.

3. SAME—NEGLIGENCE—MOTORMAN—CONTROL OF CAR.
    Where, in an action by a passenger against a street-railway
    company for injuries received in a collision between defend-
    ant's car and a wagon, the evidence showed that the car was
    going down grade at a high rate of speed, that the horses
    and wagon approached the track when the car was about 200
    feet distant, and that the horses were on the track when the
    car was 40 feet distant, the question of whether the motor-
    man used due care in bringing his car under control, after
    seeing the wagon approaching the track, was one of fact.

Error to Wayne; Donovan, J. Submitted April 7, 1904.
(Docket No. 18.) Decided July 16, 1904.

Case by Douglas A. Thurston against the Detroit United
Railway for personal injuries. There was judgment for
defendant on a verdict directed by the court, and plaintiff
brings error. Reversed.

*Tarsney & Fitzpatrick* (*R. I. Lawson*, of counsel), for
appellant.

*Corliss, Andrus, Leete & Joslyn* (*Paul B. Moody*, of
counsel), for appellee.

MONTGOMERY, J. This action was brought to recover
for injuries sustained by plaintiff while a passenger in one
of defendant's cars. The injury resulted from a collision
of the car with a heavy ice wagon at the intersection of
Beaubien and Montcalm streets. The negligence counted
on was running the car at too high a speed, and failure
to have or bring the car under control, so as to prevent
the collision. The circuit judge, at the close of the plain-
tiff's testimony, on motion of defendant, directed a verdict
in its favor. The plaintiff brings error.

It is contended that the law requires of carriers of pas-
sengers a high degree of care, and that the presumption
of negligence obtains in case of an injury to a passenger.
The two propositions are not dependent. In this State
the rule has long been settled that, even in an action by a

passenger, the burden of proof rests upon the plaintiff to show negligence. *Mitchell* v. *Railway Co.*, 51 Mich. 236 (16 N. W. 388, 47 Am. Rep. 566); *Werbowlsky* v. *Railway Co.*, 86 Mich. 236 (48 N. W. 1097, 24 Am. St. Rep. 120); *Bradley* v. *Railway Co.*, 94 Mich. 35 (53 N. W. 915); *Gardner* v. *Railway Co.*, 99 Mich. 182 (58 N. W. 49).

The case of *Stoody* v. *Railway Co.*, 124 Mich. 420 (83 N. W. 26), goes no further than to lay down the rule that an inference of negligence may be drawn from the fact of an injury, and other facts out of the ordinary, in a given case.

The question in the present case is whether there was evidence from which the jury might infer that the motorman was negligent in failing to bring his car under control, so as to prevent a collision. It is not such a case as would be presented if the driver of the ice wagon had tried to recover for injuries received. In such a case there would be no difficulty in saying, on this record, that such recovery would be barred by the contributory negligence of the driver. In the present case, however, the plaintiff establishes a right to recover if the motorman was negligent, even though the driver of the ice wagon (a stranger to plaintiff in every sense) was also negligent. In determining the question whether there was evidence of negligence for the jury to consider, we must accept the version most strongly tending to support plaintiff's claim. There was testimony given by a witness who was at Columbia street at the time of the collision. Columbia street is next below Montcalm, and High street next above. There is a slight down grade from High street to Montcalm. The witness in question testified that the distance from High street to Montcalm is about 225 to 230 feet; that his attention was first attracted to the car when at High street; that the horses attached to the ice wagon had not then appeared, but that as the car was just past High street the horses appeared in the street and approached the track on a trot; that when the horses were on the track the car was still

about 40 feet away, and that the car struck the front wheels of the ice wagon in the collision; that the car was running very fast. Under this testimony, we are of the opinion that it was competent for the jury to decide whether the motorman used due and proper effort to bring his car under control after seeing the driver approaching the track.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.