SEWELL *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—CARRIERS—NEGLIGENCE.
   In an action against a street railway for injuries sustained by a passenger, evidence of a collision between the car on which plaintiff was riding and a car which was standing still, whereby the latter was forced ahead 75 feet, furnishes proof of negligence.

2. SAME—PRESUMPTIONS—EVIDENCE.
   It cannot be said, as a matter of law, that the inference of negligence is fully met by a witness who is contradicted by other evidence, and who testifies that he was the motorman of the car which caused the collision, that he was unable to use the hand brake or air brake and that the fuse burned out when he tried to reverse the current.

3. SAME—EVIDENCE—BURDEN OF PROOF—PRESUMPTIONS.
   It was error for the trial court to charge the jury that the burden was on the defendant to rebut the presumption of negligence which the evidence raised.[1]

4. SAME—BURDEN OF PROOF.
   The burden of proof in an action for negligent injuries does not shift to the defendant upon proof of a collision, but remains with the plaintiff.

Error to Wayne; Brooke, J.   Submitted May 6, 1909. (Docket No. 61.)   Decided November 5, 1909.

Case by Charles A. Sewell against the Detroit United Railway for personal injuries.   A judgment for plaintiff is reviewed by defendant on writ of error.   Reversed.

*Corliss, Leete & Joslyn (Benjamin S. Pagel,* of counsel), for appellant.

*Thomas Hislop,* for appellee.

MONTGOMERY, J.   The plaintiff on the morning of Jan-

[1] As to presumption of negligence from injury to passenger, see note to *Barnowski* v. *Helson* (Mich.), 15 L. R. A. 33.

uary 23, 1907, boarded a car of the defendant company near his residence, and proceeded towards the downtown section of the city. At the intersection of Clifford street and Park Place the car in which plaintiff was riding collided with a car ahead of it, which had stopped to let off passengers. The force of the collision threw the plaintiff forward, and caused injuries which resulted in a permanent stiffening of the knee. The testimony on the part of the plaintiff tended to show that the cars came together with considerable force, and that the forward car was pushed ahead a distance of 75 feet.

The defendant introduced the testimony of the motorman in charge of the car in which the plaintiff was riding. He testified that he was following up the car ahead of him; that he remembers bringing his car around the curve on Clifford street, which was a block west of Bagley avenue, and the car at that time was running less than half speed; that when he got around the curve he applied his brakes to the car, and at that time the car ahead of him was on the next curve on Clifford street, which is at the intersection of Park Place, and when he started to stop the car, he was a block and a half away from the car ahead of him; the blocks at that place not being full-sized blocks; that when he applied his brakes the car started to stop, and "then there seemed to be something let go, and she started ahead all of a sudden;" that he then wound up his hand brake and tried to operate it, and found that that was entirely gone, so that it would not wind up; that after he tried the hand brake he reversed the current, the car still progressing towards the other car on the track; that it was slowing up a trifle; that when he tried the hand brake he was nearly a block back; that when he found the hand brake would not work, he reversed the current, and the fuse wire blew out; that he was therefore left without any power or brakes either; that he then attempted to put another fuse wire in, but did not succeed in getting it in before the car struck. He also testified that the car ahead was pushed forward, he should judge, 12 or 14 feet.

He further testified that while going down Clifford street he had let his car run along up to the car ahead of him, as he was endeavoring to have the conductor on the car ahead of him let him out when the opportunity afforded.

"*Q*. Didn't you keep coming up to the car ahead of you every little while all the way down Clifford street? Didn't you keep coming up within 50, 60, or 75 feet of it?

"*A*. When he would stop, I would let my car run along up to him. I was late, trying to get him to let me out. I asked him to let me out—the conductor."

He also testified that the car was going less than half speed when the collision occurred, and in answer to what he meant by half speed, he testified, " about five miles an hour or something less than that." On cross-examination he testified that he had a new fuse wire on shortly after the car struck. The defendant asked that a verdict be directed in its favor, which was refused. The case was submitted to the jury, and a verdict of $2,500 was rendered in plaintiff's favor. The defendant brings error, assigning as grounds of error that the court erred in refusing to grant a continuance, in not directing a verdict for the defendant, and in instructing the jury that the burden of proving lack of negligence was on the part of the defendant.

It is the settled rule of this State that negligence of the defendant must be proved, and that an inference of negligence is not to be drawn from the mere fact of an accident. But it has also been held in numerous cases that the circumstances attending an injury may be such as to justify an inference of negligence. As in the present case, if all that appeared had been that the plaintiff was riding in a car of the defendant under the control of its servants, and the car in which plaintiff was riding continued its course until it collided with another car ahead of it standing still, with sufficient force to push the still car ahead 75 feet, the inference that some one had blundered *prima facie* would be the most natural one to be drawn,

and that inference is so clear that it would not require further proof of negligence on the part of the defendant. It is not very important as to whether this be termed a presumption arising from the peculiar facts of the case, or an inference of fact amounting, when not rebutted, to a positive inference of law. The result would be substantially the same. For cases bearing upon this question, see *Stoody* v. *Railway Co.*, 124 Mich. 420 (83 N. W. 26); *Thurston* v. *Railway*, 137 Mich. 231 (100 N. W. 395); *Howell* v. *Railway Co.*, 136 Mich. 432 (99 N. W. 406).

This inference, however, is open to rebuttal; and, if it appears that appliances of the railway company were in proper order and condition, and that the servants of the company did all that a high degree of care and prudence required in the conduct of the business, the plaintiff's case by inference is fully met. *Dolph* v. *Railway Co.*, 149 Mich. 278 (112 N. W. 981); *Rouston* v. *Railway*, 151 Mich. 237 (115 N. W. 62).

It is contended that the present case comes within this rule. We, however, agree with the circuit judge that this was a proper case for a jury, and depends in large part upon the credit given the statements of this witness. It is a most remarkable combination of accidents which he details. Of course it is possible that all these accidents might have occurred almost simultaneously — the inability to use the air brake, the inability to use the hand brake, and the burning out of the fuse which prevented his using the current. But the witness does not stand undisputed upon other points in the case. His testimony shows him at variance with other witnesses upon the question of the speed at which this car was moving. There is a most marked difference between a force that would carry a still car ahead 75 feet and that which would propel it only 12 to 14 feet. The jury had a basis upon which to discredit the testimony of this witness, and we think the question of his truthfulness is one for them to determine, and not for this court.

The circuit judge treated the inference which was drawn from the fact of the collision under the circumstances detailed as something more than a mere inference or proof of negligence, but assumed that it threw the burden of proof upon the defendant. He charged the jury:

"The presumption of negligence attaches in this case, and the burden of proving that there was no negligence in fact rests upon the defendant."

And again:

"If it was purely accidental, such an accident as no ordinary care and prudence could have prevented, then the defendant would not be liable. Accidents do occur for which there is no liability, * * * and it is for you to determine whether this accident comes within that class or not. The burden of proving that the defendant's comes within that class is, as I say, upon the defendant; the presumption being that there was negligence."

We think this instruction went too far. A similar question has been presented in numerous States, and we find that the authorities sustain the contention of the defendant that, even where the presumption of negligence exists from a collision, the burden of proof does not shift, but the presumption is to be weighed with the testimony offered by the defendant, and if, as a whole, the evidence does not preponderate for the plaintiff, there can be no recovery. See *Klunk* v. *Railway Co.*, 74 Ohio St. 125 (77 N. E. 752); *Kay* v. *Railway Co.*, 163 N. Y. 447 (57 N. E. 751); *Gibbs* v. *Bank*, 123 Iowa, 742 (99 N. W. 703); and *Scott* v. *Wood*, 81 Cal. 400 (22 Pac. 871).

It is possible that the learned circuit judge did not intend to convey the impression to the jury that the defendant must have the greater weight of testimony, but rather used the term to imply a shifting of the case from the plaintiff to defendant, making it incumbent upon the defendant to meet the inference to be drawn from the facts shown by the plaintiff. If this were clear, there perhaps would have been no error in the case. But we are constrained to hold that the jury would be justified in assum-

ing that the defendant must do more than furnish suffi-
cient testimony to meet the presumption arising from the
facts shown by the plaintiff, and overcome them by a pre-
ponderance of evidence.    This is not in line with the author-
ities.

In view of the conclusion reached upon this branch of
the case, it becomes unnecessary to consider the question
of the application for a continuance.

The judgment is reversed, and a new trial ordered.

BLAIR, C. J., and OSTRANDER, HOOKER, and McAL-
VAY, JJ., concurred.