### 7987

#### FARMERS AND SPINNERS COTTON CO. v. ATLANTIC COAST LINE R. R. CO.

#### MIDDLETON & RAVENEL v. SAME.

1. RES JUDICATA—PLEADINGS.—Where the master rules that under general denial the carrier may show that delay of freight was caused by a sudden and unusual pressure of business, but finds the evidence does not support such defense, and no exception is taken to the ruling, but the finding is excepted to, the ruling is the law of the case.

2. CARRIER—FREIGHT.—The contract of transportation in this case properly construed to mean under the custom and usage that a delivery at "the wharf" was a delivery "at Charleston," and the carrier is held liable for delay between the compress and wharf occurring on the terminal carrier with which it has a contract to transport for a part of the freight charges.

Before ALDRICH, J., Charleston, May, 1910.   Affirmed.

Two actions by Farmers & Spinners Cotton Company against the Atlantic Coast Line R. R. Co., and two actions by Middleton and Ravenel against same defendant. Defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *Lucian W. McLemore,* for appellant. The former cite: *What was place of delivery under bill of lading:* 11 S. C. 158; 50 S. C. 129; 72 S. C. 44; 77 S. C. 483. *Sudden and unusual press of business relieves carrier of delay in delivering:* 73 S. C. 9; Moore on Car. 252.

*Mr. McLemore* cites: *As to measure of damages:* 7 Rich. 190; 82 S. C. 375; 6 Cyc. 450, 451, note 26; Hutch. on Car., sec. 1336, note 21.

*Mr. W. A. Holman,* contra, cites: *Carrier must transport and deliver in a reasonable time:* 7 Rich. L. 170; 78 S. C. 321. *As to measure of damages:* 82 S. C. 375. *Defense of press of business is not admissible under general denial:* 84 S. C. 117. *The evidence does not support such defense:* 73 S. C. 14.

July 31, 1911. The opinion of the Court was delivered by

Mr. Justice Hydrick. These actions were brought to recover damages for unreasonable delay in the transportation and delivery of cotton consigned to plaintiffs, who are engaged in the business of buying and selling cotton. The complaint contained the usual allegations in such cases. The answer was a general denial. It will be observed that these are actions at law, in which this Court has no jurisdiction to review the findings of the Circuit Court, unless there is no evidence to support them, and none of them are questioned on that ground. The issues of law and fact were referred to the master, whose report, in favor of plaintiffs, was confirmed and made the judgment of the Court.

The master ruled that, under the general denial, defendant could avail itself of the defense that the delay was caused by a sudden and unusual press of business, arising from

exceptional causes, which it could not reasonably be expected to have anticipated. But, having admitted the evidence on that issue, he held that it failed to establish the defense. The plaintiffs did not except to the ruling of the master, that the defense was available to defendant under the pleadings. The defendant did except to his finding that it was not sustained by the evidence. The Circuit Court sustained the master's finding, but held, also, that the defense could not avail defendant, because it had not been pleaded. The ruling of the master, to which no exception was taken, concluded the question, and became the law of these cases whether he was right or wrong. But, see *Gibson* v. *R. Co.,* 88 S. C. 360. However, the error of the Circuit Court, in overruling the master on that point, was not prejudicial to defendant, because the Court did consider the defense on its merits, and sustained the master's finding that it was not established by the evidence.

The cotton was consigned to plaintiffs at Charleston. Defendant's freight depot is at Chapel street, about one mile from the wharf of the Charleston compress, at which point, the master finds it was, and for several years had been, the invariable custom of defendant to deliver cotton, consigned to plaintiffs and others at Charleston. The wharf was reached over the rails of the Charleston Terminal Company with which defendant had an agreement for the transportation of cotton to the wharf, defendant paying the Terminal Company eight cents per bale out of the freight charges paid by the shippers. In other words, defendant charged and collected a rate for the delivery of the cotton at the Charleston compress, and actually delivered it there. These findings dispose of the assignment of error in holding that the wharf was the place of delivery. But, even if part of the delay did occur while the cotton was in the possession of the Terminal Company, the defendant would be liable for such delay, under the act of 1903, without regard to the facts above stated. 24 Stat. 1; *Venning*

v. R. Co., 78 S. C. 42, 58 S. E. 983; *Reynolds v. Ry.*, 81 S.
C. 383, 62 S. E. 445. There is no force in the contention
that the agreement to deliver at the wharf was a separate
contract and should have been sued on in a separate action,
because the Court found that the agreement to deliver at
Charleston was, in contemplation of the parties, an agree-
ment to deliver at the wharf in Charleston.

In view of the finding that the price of cotton continued
to decline from the time delivery of the consignments in
these cases was made, until the cotton was actually sold,
and the finding that the loss sustained by plaintiffs was
greater than that actually proved, there was no prejudicial
error in holding that the measure of damages in these cases
was the difference between the market price of coton on the
day the shipments should have been delivered and the day
they were delivered. It is not necessary, therefore, to con-
sider whether the rule stated for the measure of damages
in these cases is one to be applied in all cases for delay in
the delivery of freight.

Affirmed.