### WEBSTER *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action by a pedestrian for damages for injuries due to being struck by a street car in a congested section of a city, *held*, that the questions of defendant's negligence and of plaintiff's contributory negligence were for the jury.

2. SAME—ISSUE—DIRECTED VERDICT.

In such action, where plaintiff introduced testimony tending to support the claim, and no testimony was offered in defense, *held*, that a motion for directed verdict for defendant was properly denied.

Error to Wayne; Hosmer, J. Submitted January 22, 1917. (Docket No. 134.) Decided April 9, 1917.

Case by Ena Webster against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *William G. Fitzpatrick,* for appellant.

*Bailey & Bradley,* for appellee.

MOORE, J. Plaintiff, a married woman about 28 years of age, was struck by the fender of one of the defendant's street cars that was coming out of Congress street west upon Woodward avenue at about 6 o'clock in the evening. She suffered injuries for which she brought this suit. From a judgment in her favor the case is brought here by writ of error.

Congress street crosses Woodward avenue at right angles. At this point there is a great deal of traffic. The plaintiff was a passenger upon a south-bound Woodward avenue car. She alighted from the car at

Congress street, and after getting the signal of the traffic officer she started east to go across Woodward avenue. When partly across she received her injury. It was her claim that she was in the exercise of due care, but that the motorman did not sound his gong and did not have his car under control and was not watching out for the safety of pedestrians.

Plaintiff produced testimony tending to support her claim. No testimony was offered on the part of the defendant. A motion was made by the defendant for a directed verdict; it being the claim that plaintiff was guilty of contributory negligence, and that the motorman was not guilty of negligence. This motion was overruled, the case was then submitted to the jury, and a verdict rendered as before stated. A motion was made for a new trial for the reasons urged in the motion for a directed verdict, and for the further reasons that the court erred in his charge to the jury, and that the verdict is against the weight of evidence.

The trial judge was of the opinion that plaintiff made a case for the jury, that there was no error in his charge:

"The defendant produced no evidence at the trial, and the questions raised by the defendant upon the plaintiff's evidence were properly submitted to the jury, who found against defendant's contentions. The court is of the opinion that the weight of evidence was clearly with the plaintiff rather than with the defendant."

The motion for a new trial was overruled.

The same questions are presented in this court that were presented upon the motion for a new trial. The case was argued orally. The record and briefs have been examined with care. We think the assignments of error are without merit. See *Thurston* v. *Railway,* 137 Mich. 231 (100 N. W. 395) ; *Sewell* v. *Railway,* 158 Mich. 407 (123 N. W. 2) ; *Sloan* v. *Railway,* 172

Mich. 68 (137 N. W. 691); *Prince* v. *Railway*, 192 Mich. 194 (158 N. W. 861). We have not overlooked the case of *Pearl* v. *Railway*, 188 Mich. 84 (153 N. W. 1062), but think it distinguishable.

Judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.