CHICAGO & NORTHWESTERN RY. CO. v. DENNIS SMITH BY GEO. W. HAYDEN, HIS NEXT FRIEND.

*Injury to trespasser on railway premises.*

An eight-year-old boy trespassing upon the premises of a railroad company got on the step of the engine and was ordered off by the fireman, and as he jumped off he fell. The locomotive was started at that moment and the tender passed over his leg. He was a boy of more than average intelligence and had been warned against going on the premises or riding on the engine. *Held,* that the railway company could not be held liable for the injury without showing that the engineer or other servants of the company in charge of the locomotive knew that the child was in the way, or that they had been reckless or negligent in the management of the engine, or could have anticipated the injury.

Error to Marquette. Submitted June 23-24. Decided October 5.

CASE. The declaration is here given.

STATE OF MICHIGAN, } ss.
MARQUETTE COUNTY.

*In the Circuit Court for the County of Marquette:*

Dennis Smith, by Geo. W. Hayden, who is admitted by the court to prosecute for the said Dennis Smith, who is an infant within the age of twenty-one years, as the next friend of the said Dennis Smith, plaintiff herein, complains of the Chicago & Northwestern Railway Company, a corporation under the railroad laws of the State of Michigan, and doing business in said county of Marquette, defendant herein, of a plea of trespass on the case, filing this declaration, entering rule to plead, &c., as commencement of suit.

For that whereas, heretofore to wit: On the 11th day of October, A. D. 1879, and for a long time prior thereto, the said defendant was and still is in possession of a certain line of railroad operated by it, at the time aforesaid as such corporation, and running between the cities of Ishpeming and Negaunee, in said county of Marquette, and Chicago, in the State of Illinois.

That at the time aforesaid defendant was in possession of and used a certain railroad yard, with a large number of side

tracks connected with its main line, running through the same, and a water tank adjacent thereto within the limits of the city of Negaunee, aforesaid. That said yard and side tracks at the time aforesaid, and for a long time prior thereto, were wholly unfenced and unenclosed, and were then and there at all times open, and were then and there contiguous to a public traveled highway in said city of Negaunee, and that said yard and tracks were interposed between a large number of dwelling houses occupied by residents of said city of Negaunee, situate on the south side of said tracks and the main portion of said city of Negaunee lying' on the north side thereof; that the residents of said dwellings at the time aforesaid, and for a long time prior thereto, had used a roadway and foot-paths which then and there led across said tracks and yard from the dwellings, aforesaid, to said main portion of said city. That a great number of children who resided in said dwellings had been accustomed at the time, aforesaid, and for a long time prior thereto, to use the traveled roadway and paths, aforesaid, in going to and returning from school, and with them the plaintiff herein.

That the plaintiff at the time, aforesaid, was an infant of tender age, to-wit : of the age of eight and one half years and resided with his parents in one of the dwellings on the south side of said tracks, aforesaid, and closely contiguous thereto.

That the roadway and paths leading across said tracks, aforesaid, were nearly opposite the residence of the plaintiff and were the only direct route to the main business portion of said city, aforesaid, and to the public schools, and the same were at the time, aforesaid, and for a long time prior thereto, used exclusively by said plaintiff and his parents in going to and returning from the business portion of said city and said schools. That at the time, aforesaid, said defendant was possessed of and used a certain switch engine, to wit: numbered 140 for the purpose, among other things, of shunting cars on and about said side tracks across and about said railroad yard, and had employed thereon and in charge thereof at the time, aforesaid, an engineer and fireman for the purpose of operating the same for said defendant.

The said locomotive was provided with a step or platform reaching across the rear of the tender of said locomotive, attached to and a part of said locomotive, and attached to the rear thereof, and which step or platform was near to the ground and was used as such step or platform on which a

person could stand and for the purpose of standing thereon while said locomotive was in motion and upon and from which it was easy to step to and from the ground. That the children residing in said dwellings, and among them the plaintiff, passing said yard and tracks, as aforesaid, had been accustomed to step upon said locomotive and others employed thereabouts, on the step, aforesaid, and ride to and fro.

That at the time, aforesaid, said locomotive was employed about said yards and tracks and was standing still on one of said tracks near the tank house, aforesaid, and had been so standing still for a long space of time, to-wit: one half hour at the time, aforesaid. That at the time, aforesaid, said plaintiff, without the fault or negligence of his parents or guardians, was standing near said locomotive and said tracks, and near to said tank house and to said traveled roadway and paths.

That while said locomotive was so standing still, as aforesaid, at the time and place aforesaid, the plaintiff, as he could easily do and without any negligence on his part, his parents or guardians, stepped upon said platform at the rear of the tender of said locomotive, as aforesaid. That while he was so standing thereon at the time aforesaid, the agents and servants of said defendant in charge of said locomotive, and while said locomotive was so standing still, suddenly ordered the plaintiff to get off said platform. That the plaintiff immediately undertook to comply with said order and to step down from said platform and get clear of the track on which said locomotive was standing, as aforesaid, and then and there while the plaintiff was engaged in such attempt, and while he was making as speedy an effort so to do as it was possible for him to make in such attempt, and immediately on so ordering said plaintiff off said platform and without waiting to enable him to do so, and without any warning whatever to plaintiff, the said agents and servants of said defendant in charge of said locomotive, suddenly and with great carelessness started said locomotive backward, in the direction in which plaintiff was attempting to get off and out of the way of said locomotive, at a high rate of speed, to-wit: at the rate of fifteen miles an hour, and then and there while said plaintiff was in the act of stepping from said platform and out of the way of said locomotive, as aforesaid, he was, by the wrongful conduct, carelessness and negligence of the said defendant, its agents and servants, as aforesaid, struck by the rear of said tender, as aforesaid, knocked down upon the track on which said loco-

motive was backing, as aforesaid, and run over by the wheels of said tender, and then and there without any fault or negligence on the part of said plaintiff, his parents or guardians, and by means of the premises, and by and through the wrongful conduct, carelessness and negligence of said defendant, its agents and servants, as aforesaid, the leg of said plaintiff was cut off, and he then and there by means of the premises sustained the permanent loss of one leg, as aforesaid, and was rendered sick, sore, lame and disordered, and so remained and continued for a long space of time, to-wit: thence hitherto, and was then and there, as aforesaid, crippled, disfigured, maimed and mutilated for life and rendered incapable of performing any physical labor or of earning a livelihood, and by means thereof suffered, and still continues to suffer, great bodily as well as mental pain and anguish, and was then and there, as aforesaid, subjected to such pain and torture as will continue for life, and other wrongs the said defendant, by means of the premises, then and there did to the plaintiff all to his great damage and injury, to-wit: to his damage fifty thousand dollars, and therefore he brings suit, &c.

GEO. W. HAYDEN,<br>Next Friend in Person,<br>Plaintiff's Attorney.

Plaintiff recovered a verdict for $10,000 and defendant brings error. Reversed.

*Dan. H. Ball, B. C. Cook* and *A. M. Herrington* for plaintiff in error. Where a person is injured while trespassing on the premises of a railway company, the latter is not liable except for willful or wanton damage: *Illinois Central R. R. v. Hetherington* 83 Ill. 516; *Ill. Cent. R. R. v. Godfrey* 71 Ill. 506; *Johnson v. Bost. & Me. R. R.* 125 Mass. 75; *Railroad v. Norton* 24 Penn. St. 465; *Mulherrin v. Railroad Company* 81 Penn. St. 375; *Denman v. St. P. & D. R. R.* 26 Minn. 357; *Hargreaves v. Deacon* 25 Mich. 1; *Chic. & Alt. R. R. v. McLaughlin* 47 Ill. 265; *Gavin v. Chicago* 97 Ill. 67: 11 Cent. L. J. 475; *Phila. R. R. v. Spearen* 47 Penn. St. 300; *Meeks v. Southern Pacific R. R.* 20 Amer. Ry. Rep. 118; *Tol. W. & W. R. R. v. Grable* 88 Ill. 442; *Tol. W. & W. R. R. v. Miller* 76 Ill. 278; *Morrissey v. Eastern R. R.* 126 Mass. 377; *McAlpin*

*v. Powell* 70 N. Y. 126; *Hestonville Passenger Ry. v. Connell* 88 Penn. St. 520; *Nagle v. Allegheny Valley R. R.* 88 Penn. St. 36: *Cent. Br. U. P. R. R. v. Henigh* 23 Kan. 347; *Atch. & Neb. R. R. v. Flinn* 24 Kan. 627; *Cauley v. Pittsburgh &c. R. R.* — Penn. St. — : 12 Cent. L. J. 281: 13 Chic. Leg. News 89; *Phil. & Reading R. R. v. Hummell* 8 Wright 378; *Phil. & Reading R. R. v. Long* 75 Penn. St. 265; *Duff v. Allegheny Valley R. R.* 27 Pitts. Leg. Journal 58; *Smith v. Hestonville M. & F. Pass. Ry.* 92 Penn. St. 451: 9 Rep. 454; *Bradbury v. Furlong* — R. I. — : 11 Rep. 413; *Balt. & P. R. R. v. State* 54 Md. 648: – Rep. 160; *C. B. & Q. R. R. v. Stumps* 69 Ill. 409.

*G. W. Hayden* for defendant in error. A trespasser on railway premises may recover for wanton or reckless injury inflicted upon him : *Daley v. Norwich etc. Ry.* 26 Conn. 591; *Chic. etc. Railway v. Murray* 71 Ill. 601; *Penn. Railway v. Morgan* 82 Penn. St. 134; *Penn. etc. Railway v. Kelly* 31 Penn. St. 372; *Lafayette etc. Railway v. Adams* 26 Ind. 76; *Johnson v. Chic. & N. W. Ry.* 49 Wis. 529; *Brennen v. F. W. etc. Ry.* 29 Amer. 679; *Kay v. Penn. Ry.* 65 Penn. St. 269; Whart. Neg. §§ 344, 388; Cooley on Torts, 674; even though he be of mature understanding : *State v. Manchester etc. Ry.* 52 N. H. 528; that which might not be wanton negligence towards a grown person may be so towards a child : *Penn. Ry. v. Lewis* 79 Penn. St. 33; *Robinson v. Cone* 22 Vt. 213; *Frick v. Railway* 5 Mo. Ct. of App. 435; *Benton v. C. R. I. & P. R. R.* 8.W.N Rep. (Iowa) 330; *Smith v. O' Connor* 48 Penn. St. 221; it is for the jury, in cases of doubt, to determine whether a child is *sui juris* : *Lovett v. Salem etc. Ry.* 9 Allen 551; *Karr v. Parks* 40 Cal. 188; *Honegsberger v. Second Ave. Ry.* 1 Keyes 570; *Drew v. Sixth Ave. Ry.* 26 N. Y. 49; *Oldfield v. Harlem etc. Ry.* 14 N. Y. 310; *Mangam v. Brooklyn etc. Ry.* 38 N. Y. 460; *Pittsburg etc. Ry. v. Caldwell* 74 Penn. St. 421; though children have been held not so as matter of law, at five

years (*Jeffersonville etc. Ry. v. Bowen* 40 Ind. 545;) six (*Chic. v. Starr's Admin.* 42 Ill. 174;) and seven: *Pittsburgh etc. Ry. v. Vining's Admin.* 27 Ind. 513; the natural heedlessness of children should be considered: *East Saginaw etc. Ry. v. Bohn* 27 Mich. 513; negligence of parents or guardians does not excuse injury resulting to a child from the negligence of others: *Norfolk etc. Ry. v. Ormsby* 27 Grat. 455; *Cahill v. Eastman* 18 Minn. 324; *Bellefontaine Ry. v. Snyder* 18 Ohio St. 399.

MARSTON, C. J. . While the witnesses do not fully agree upon the facts, yet in the view which we are compelled to take, the dispute becomes immaterial. The court charged the jury in substance and effect, that if they found the facts to be as testified to by the defendant's witnesses, the plaintiff could not recover, and the instructions given, as to the right of the company to a clear track, and the boy being a trespasser, that it could only be held liable in case there was gross and wanton negligence on its part, such negligence as would indicate an indifference to the safety of the boy, were undoubtedly correct. The important question in the case as submitted is whether the court should not have charged the jury, as requested, that under the evidence the plaintiff could not recover.

Taking the testimony of the boy, and accepting it as true in every respect, and there is no evidence in the case more favorable to the plaintiff, and it fails to show, or tend to show, that the engineer knew or had reason to know that he was there at all, and consequently there could have been no negligence on his part in starting the engine. Neither does the boy's evidence tend to show that the fireman knew or had reason to suppose, that he had fallen down, or was in any danger of being run over or injured—and certainly there is nothing in the whole case tending to show that any of the defendant's servants were wanton or willful in their conduct, or indicating a degree of indifference on their part as to the safety of the boy. Even should it be conceded that negligence on the part of the fireman would render the

company liable, yet the evidence does not fairly tend to show that he had any reason to believe that the boy would not have ample time to clear the track, or that it was at all necessary for him to call the attention of the engineer to the fact that the boy was there.

It is not claimed that the boy would have been injured had he not, in some unaccountable way, fallen down, but there was nothing in his age, appearance, or knowledge of trains, or in the height of the step upon which he was standing from the track, to indicate or lead any person to suppose that he would fall. Falling under such circumstances would be an exception and not the rule, and cannot therefore be made the foundation for a liability against the company without proof of actual knowledge, which is wholly lacking in the present case.

The evidence is clear that the locomotive was in all other respects properly managed and under complete control of the engineer at the time of the accident, so that no charge of carelessness can arise thereon. We need not therefore dispose of this case upon any mere question of pleading, or because of any variance between the allegations in the declaration and the proofs, or whether the negligence of the fireman alone would be sufficient to charge the company. The evidence is all set forth in the record and it fails to indicate that degree of negligence, upon the part of any servant of the company, necessary to create a liability.

The evidence does show the boy to have been a trespasser; that he was possessed of more than average intelligence for one of his age; he knew that he had no right there, and repeatedly had been ordered away on previous occasions, and warned by his parents against going on the track or in places of danger; that when ordered off he would have escaped all injury but that he stumbled and fell, which was unknown to and could not have been anticipated by any person upon or in charge of the locomotive. In other words the injury resulted from an accidental fall of the boy and without any carelessness or negligence of the company's servants, and the jury should have been

instructed that under the evidence the plaintiff was not entitled to recover.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.