DAVID BROWN v. CONGRESS & BAKER STREET RAIL-
WAY CO.

*Negligence not presumed—Injury to street railway passenger.*

Negligence is the failure to observe, for the protection of another's inter-
ests, such care, precaution and vigilance as the circumstances justly
demand, and the want of which causes him injury. And it cannot
be presumed but must be affirmatively proved.

A passenger on a street car who wanted to smoke and knew the dri-
ver went to the front platform for the purpose. A large traveling
trunk prevented his getting on the platform, and he stood on a lower
step hanging on by the driving bar and the iron at the side of the
car. He rode some distance and after the car stopped and the
horses were watered the driver told him to go to the rear platform
if he wanted to smoke. He started a minute later to do so, but as
he was stepping down and his foot was nearly on the ground, the
driver let go the brake, the car started and he was thrown down and
injured. *Held* that in an action against the railway company for the
injury these facts did not make out a cause of action.

Error to the Superior Court of Detroit. Submitted
June 13. Decided October 11.

CASE. Defendant brings error. Reversed.

*Daniel E. Prescott* and *William P. Wells* for appellant,
cited to the point that no contributory negligence could be
attributed to the plaintiff since any act of his was too remote :
*Isbell v. N. Y. R. R.* 27 Conn. 406 ; *Trow v. Vermont C.
R. R.* 24 Vt. 487 ; *L. S. & M. S. v. Miller* 25 Mich. 277,
278 ; *Radley v. L. & N. Ry.* L. R. 1 App. Cas. 759 ; it is
not contributory negligence *per se*, to ride upon the front
platform, even when that is the cause of the injury, and
there is room inside : *Nolan v. Brook C. Ry.* 3 Am. & Eng.
R. R. Cas. 463 ; *German Pass. Ry. v. Walling* 2 Am.
& Eng. R. R. Cas. 20 ; payment of fare on the front plat-
form makes one a passenger there : *Maguire v. R. R.* 115
Mass. 239 ; *Burns v. Bellefontaine R. R.* 50 Mo. 139.

*Brennan & Donnelly* and *Fred. A. Baker* for appellee, cited *Downey v. Hendrie* 46 Mich. 498.

MARSTON, J. This action was brought to recover damages for injuries sustained by reason of the alleged negligence of the defendant while riding upon one of its cars, and the important question, and only one in my opinion, is whether under the plaintiff's testimony the case should have been submitted to the jury.

The plaintiff testified, in substance, that on the night of October 10, 1881, he with his wife and child entered one of the defendant's cars, in which there was an abundance of room; that he then went out of the car and walked around to the front platform to smoke; that the car was alike at both ends; that there was on the front platform a large traveling trunk which prevented him from getting on to the platform; that he stood upon the step leading thereto, holding on to the iron on the dash-board with his left hand and the iron on the side of the car with his right; that the driver of the car and he were acquainted; that he rode in this way some distance and up to the company's barn where a stop was made, and some conversation had between the driver and one of the men at the barn. I now quote from plaintiff's testimony:

"I couldn't remember exactly what the conversation was, and finally when the horses got watered, he (the driver) told me to go to the rear and have my smoke; to go to the rear platform if I wanted to smoke. *Question.* Were the cars stopped or in motion when he told you that? *Answer.* They were stopped. *Q.* What did you do? *A.* I let go my right hand from the car and leaned back to make a turn to step down. I had my right foot just nearly touching the ground. *Q.* How far from the ground? *A.* Just near enough to nearly touch; in an instant he let go the brake, the horses started up, the car gave a sudden jolt and by some means or other I was thrown round in front of the car nearly on the rail. * * * *Q.* Now referring back to the accident, you say the driver tightened down the brake and stopped? *A.* Yes, sir. *Q.* Where were you standing or in what position were you until the time of the accident, until he told you to get off? *A.* I was in the

same position that I was riding.   Q. Did he tell you to get off while the car was in motion, or while it was stopped? A. While it was stopped."

On cross-examination the following:

" Q. Now after he watered the horses he told you to go to the rear platform? A. Yes, sir.   Q. And you started to do it, you say? A. Yes, sir; I started to obey his order. Q. How long after he told you? A. Right away.   Q. Were you a minute? A. It might be; it might be a little more."

The evidence fairly presents the plaintiff's case, and can it be said to tend to show negligence on the part of the company's servant, the driver?—because if it does then the case was a proper one to go to the jury.   The letting go of the brake, the starting up of the horses, and the sudden jolt of the car, are not claimed to have been other than what always takes place in starting a car like the one in question, so that in either or all of those acts combined no negligence can be imputed to the driver.   As was said by the learned judge upon the trial in the court below, the whole case has got to hinge entirely upon the time the driver gave this man to get off after he told him to go to the rear platform.

Now whether sufficient time was given or not must depend, largely at least, upon the position in which the plaintiff stood.   If he had to descend several steps, more time would be required than if there was but one, and if his position was one where danger was likely to result or could fairly be said might result in stepping down, especially if the cars were started up or in motion, then of course more time should be given.   In other words, adopting what was said in *Chicago etc. Railway v. Smith* 46 Mich. 510, what was there in the age of the plaintiff, his appearance or knowledge of such cars, or in the height of the step upon which he was standing from the ground to indicate or lead any person to suppose that he would fall?   Would not falling under such circumstances be indeed a rare exception and not the rule, and if so how can the act of the driver be made the foundation of a liability in this case?   This action is based upon the theory of negligence, which consists in the

failure to observe that degree of care which the law requires for the protection of the interests likely to be injuriously affected by the want of it. *Flint & P. M. Railway v. Stark* 38 Mich. 717. It is "the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury" (Cooley on Torts 630), and as already said, in order to ascertain whether the act of the servant in setting free the brake at the time he did was negligence or not, we must look at the situation of the plaintiff, as known to the driver, and the time reasonably required to obey his orders.

The plaintiff testifies that it might be a minute or more after he was directed to go to the rear platform before he attempted to obey. A minute is but a short period of time and yet it would be amply sufficient to enable persons of average physical ability to step from off the lower step of a street car on to the ground with absolute safety. We need not, however, in my opinion, dispose of this case upon this question of time alone, as I think there was nothing in the situation of the plaintiff which could render the question of time given a material one. It does not appear that the step upon which the plaintiff stood was unusually high or that with ordinary care on his part he could not have stepped down with perfect safety to himself, even although the car was being started in the usual and ordinary way.

As was said in *Grand Rapids etc. R. R. Co. v. Judson* 34 Mich. 507, "negligence cannot be presumed, but must be affirmatively proved, and as it cannot be presumptively negligent to run in the usual manner, without proof that such usual manner is itself improper (which can rarely happen), the defendant below was entitled to a charge that this cause of action was not made out."

I am of opinion, therefore, that the judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.