ELIZABETH MITCHELL v. THE CHICAGO & GRAND TRUNK
RAILWAY COMPANY.

*Railway travel—Presumption of negligence—Responsibility of passengers—
Accidental injuries.*

The negligence of a railway company will not be presumed in an action
against it for personal injury, but must be shown ; and there can be
no recovery unless it appears to be the efficient cause of the injury
without contributory fault in the plaintiff.

Negligence cannot be presumed against a defendant corporation in an
action for personal injury if it did nothing outside of the usual course
of its business, unless that course of business was itself improper,
or special circumstances required particular caution.

Railway passengers are presumed to know the every-day incidents of rail-
way travel, and it cannot be expected that they will be treated, or
put under restraint, as if they were children.

There is no legal liability for purely accidental injuries.

A train approaching a station where there was a crossing of railway
tracks, stopped, as required by law, several hundred feet from the
crossing before proceeding to cross the track.   The name of the sta-
tion had just been called, and a woman passenger hurried to the door
to alight.   The train was not at the proper point for landing passen-
gers, and as she climbed down it started to go on to the depot plat-
form, and she fell and broke her ankle.   The conductor and brake-
men did not know she had left her place in the car, and it did not ap-
pear that anything was done that was out of the usual course.   The
accident happened by daylight.   *Held*, that the injury to the passen-
ger was purely accidental, unless the passenger was herself negligent,
and that the company was not liable.

Error to Ingham.  (Gridley, J.)   June 22.—July 2.

CASE.   Defendant brings error.   Reversed.

*M. V. & R. A. Montgomery* for appellant. A trainman's announcement of a station does not amount to an invitation to alight from the train: *Bridges v. N. L. R. W. Co.* L. R. 6 Q. B. 377: 7 H. L. 213; *Weller v. R. W. Co.* L. R. 9 C. P. 126; *Cockle v. L. & S. E. R. W. Co.* L. R. 5 C. P. 457; *Lewis v. L. C. & D. R. W. Co.* L. R. 9 Q. B. 66; it is only a notice that a train is approaching a station, and to the passengers to be getting themselves ready to alight when the station is reached: *Weller v. L. B. & S. C. Ry. Co.* L. R. 9 C. P. 126; one who has, by his own negligence, so far contributed to the injury done him, that he might, by the use of ordinary diligence or care have avoided it, has no right of action: *Michigan Central R. R. v. Leahey* 10 Mich. 198; *Det. & Mil. R. R. v. Van Steinburg* 17 Mich. 127; *Lake Shore & Mich. Southern Rd. v. Miller* 25 Mich. 279; *Mich. Cent. R. R. v. Coleman* 28 Mich. 452; *Mich. Cent. R. R. v. Campau* 35 Mich. 471; *Swoboda v. Ward* 40 Mich. 424; *Downey v. Hendrie* 46 Mich. 501; *Hassenyer v. Mich. Cent. R. R.* 48 Mich. 209.

*J. C. Shields* and *H. P. Henderson* for appellee. A railway passenger is justified in trying to leave a car as soon as it stops after the station is called: *Wood v. Lake Shore & Michigan Southern Ry.* 49 Mich. 370; *Bridges v. Railway Co.* L. R. 6 Q. B. 377; *Taber v. D. L. & W. R. R.* 71 N. Y. 489.

CAMPBELL, J. Plaintiff sued for a personal injury which befell her on leaving a train at the Chicago junction of defendant with the Detroit, Lansing & Northern Railroad, three miles east of Lansing. She had been traveling on defendant's road with a ticket which went to Lansing from Chicago, and had a coupon attached to take her on the other road from Lansing to Fowlerville. As the ordinary stoppage at the depot of defendant's road in Lansing would make it necessary for her to cross over a considerable distance to the other station in Lansing, the conductor offered to take her to the junction where the two roads met, so that there need be no difficulty in the transfer.

Just before arriving at the junction and when the train was some 300 or 400 feet from it, the name of the station ·was called out by the proper person, and the cars came to a full stop as required by law before reaching crossings. Plaintiff at once left her seat and hurried to leave the car. It ·does not appear that any person employed on the train no- ·ticed her. She went down the steps where there was no platform or other convenience for landing, and just as she stepped off, the cars were suddenly started again to go for- ward to the depot, and she fell and broke her ankle. When the depot was reached the conductor came in to help her out, and finding she was not in the car backed down and picked her up and took her to Lansing, where she was treated by a surgeon, and went home that evening, and was confined ·to her bed and house some weeks while recovering. The ac- ·cident happened early in the morning, during daylight.

The defense asked the court to take the case from the jury, which was refused, and a verdict was found in plaintiff's favor.

Upon the argument in this Court the defense was rested ·on the absence of proof of negligence. While there was some ·evidence tending to prove contributory negligence in plaint- iff, it was not urged that on that point there was not evi- ·dence for the jury.

It has been held in some states that in cases of injury on railroads there is always a presumption of negligence against the defendant. That, however, is not the common law, and is not the law of this State. According to the doctrine which ·we follow, negligence must be shown in all such cases, and it must appear to have been the efficient cause of the injury ·without contributory fault in the plaintiff. *Chicago & N. W. Ry. Co. v. Smith* 46 Mich. 504; *Brown v. Congress & Baker St. Railway* 49 Mich. 153; *Henry v. Lake Shore & Michigan Southern Rw.* 49 Mich. 495. These cases refer ·to a line of earlier cases in our own Court and elsewhere.

It is also well settled that negligence cannot be presumed where nothing is done out of the usual course of business, ·unless that course itself is improper. There must be some

special circumstances calling for more particular care or caution, in order to make a liability. *Stephenson v. G. T. R. Co.* 34 Mich. 323 ; *G. R. & Indiana R. R. v. Judson* 34 Mich. 506 ; *Flint & P. M. Rw. v. Stark* 38 Mich. 714 ; *Downey v. Hendrie* 46 Mich. 498 ; *Mich. Cent. R. R. v. Coleman* 28 Mich. 440 ; *Haas v. G. R. & Ind. R. R.* 47 Mich. 401 ; *Chicago & N. W. Ry. Co. v. Smith* 46 Mich. 504 ; *Brown v. Congress & Baker St. Rw.* 49 Mich. 153 ; *Henry v. Lake Shore & M. S. Rw.* 49 Mich. 495.

The only cause of the mischief, leaving defendant's carefulness or negligence out of view, was her mistaken supposition that the cars had stopped for the station, and that she should therefore get out.    There was nothing at the spot to indicate a landing place, and there was, at the proper place, a short distance further on, a building and platform appropriate and used for that purpose. The stoppage of the cars was required by statute, as well as by usage, as a precaution against collisions.   The calling of the station was not shown to have been out of the usual course, and from the distance mentioned we can hardly conceive it should have been delayed.    No one representing the company, whether conductor or brakeman, is shown to have known or suspected that plaintiff had put herself in peril or left her place.    Nothing is shown which put them in fault for not knowing this.

We cannot discover anything in the record to indicate that there was any act or any omission not incident to the constant usage of the road, or indicating fault. The starting of the train after such a stoppage is an incident plainly contemplated by law.    The company, as held in some of the cases above cited, cannot be expected to treat its passengers as children, or to put them under restraint. Passengers must take the responsibility of informing themselves concerning the every-day incidents of railway traveling, and the company could not do business on any other basis.    This case does not differ in principle from those in 28 and 38 Michigan, and it resembles some of the others very closely.    The law does not affix any responsibility for injuries purely accidental, and that is in our judgment the utmost that can be

asserted on the facts presented, if plaintiff was not herself negligent.

The judgment should be reversed with costs, and a new trial granted.

The other Justices concurred.