The Chicago and Eastern Illinois Railroad Company
*v.*
John Reilly.

*Opinion filed October 24, 1904—Rehearing denied Dec. 13, 1904.*

1. Negligence—*when negligence will not be presumed.* Negligence will not be presumed where nothing is done out of the usual course of business, unless that course is in itself improper.

2. Same—*when doctrine of res ipsa loquitur will not be applied.* The doctrine of *res ipsa loquitur* will not be applied to sustain a judgment for the plaintiff, alleged to have been struck by a timber projecting from a passing car of lumber while he was standing at a crossing, where there is no proof as to how, when or where the car was loaded nor how long the timber had been projecting, nor whether the defendant had notice of such condition.

3. Same—*the railroad company owes no special duty to person standing by a crossing.* To a person standing on a street crossing waiting for a train to pass, the company owes only the same duty it owes to the general public,—that of exercising reasonable care to avoid injuring him.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

Calhoun, Lyford & Sheean, for appellant.

John C. Trainor, for appellee.

Mr. Chief Justice Ricks delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county for $6500 in favor of appellee, on account of personal injuries.

Appellee claimed to have been struck and injured by a piece of timber projecting from a car in appellant's train. The accident happened at the intersection of appellant's tracks with Dearborn street, near One Hundred and Fifteenth street, in Chicago, Illinois, on October 30, 1897, at about eight o'clock P. M. At this point the main tracks of appellant, two in number, run in a north-westerly and south-easterly direction across Dearborn street, a little south of One Hundred and Fifteenth street. Dearborn street runs north and south and Clark street is immediately west of Dearborn street. Appellee himself was the only actual witness to the accident, and he stated that he had just turned his head when he was struck, and also stated that he did not see what struck him. One John Brown, who had been with him a short time before, was standing on the opposite side of the street when the accident happened, but did not see Reilly struck, as the night was dark and foggy and he could not see across the street. Appellee and Brown had left the former's house, on the east side of Clark street, between One Hundred and Fifteenth and One Hundred and Sixteenth streets, crossed diagonally the block in the rear of the house and came out on Dearborn street, intending to cross the tracks and go north to One Hundred and Fifteenth street. Their progress across the tracks being blocked by a north-bound freight train on the northernmost of the two tracks, they crossed the first track and were standing between the two, waiting for the train to pass. Appellee stood on the east side

of Dearborn street and Brown on the west. While so stand-
ing, appellee claims to have been struck by a piece of scant-
ling or timber protruding from eighteen inches to two feet
from a flat-car in the freight train, which was loaded with
heavy timber, and received the injuries complained of. Sev-
eral hours later he was found by a policeman lying on the top
of an embankment at the side of the tracks, one hundred to
one hundred and fifty feet from the Dearborn street crossing.

Appellant offered no testimony concerning the happening
of the accident, as it did not know of it at the time. It learned
of it, in a general way, in a day or so, but claims to have
learned none of the particulars until a month or more later,
when it claims it was impossible to trace the cars of the train
and find out the condition in which they arrived in Chicago
on the evening of the accident.

The declaration consists of two counts. The substance
of the first count is, that the cars in question were negligently
loaded with timber so that a piece thereof projected. The
substance of the second count is, that the train was so oper-
ated and managed that the said piece came to project, and
defendant knew of the dangerous position of the scantling.

Appellant contends that before plaintiff could recover in
this case he was compelled to prove either that the car was
negligently loaded in the first instance or that it became un-
safe during the course of its passage, and that defendant
either knew, or in the course of ordinary care should have
known, of the defect before the accident; and it is further
contended that there is no evidence upon any of these propo-
sitions,—that all there was to the testimony was the bare
proof that the scantling projected from the car.

The judgment in this case is sought to be sustained on
the theory that the maxim *res ipsa loquitur* applies, and un-
less this contention is allowed to prevail the judgment will
have to be reversed, for unless the accident or injury sus-
tained by the plaintiff bespeaks the defendant's wrong there
is no proof of culpable negligence. There is no evidence

to show how the car of lumber from which the timber that caused the accident projected was originally loaded,— whether skillfully or otherwise,—or whether the projecting timber was the result of accident or negligence, or how long it had been in the position it was when it caused the injury.

The rule of *res ipsa loquitur* was discussed and clearly expounded in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Berry,* 46 L. R. A. (Ind.) 33. In that case a railroad track inspector was injured by an iron pin thrown from the tender of the train, while he was standing about ten feet from the track, and it was contended that the rule *res ipsa loquitur* applied; but the court held otherwise, and in discussing the rule said: "Does the rule *res ipsa loquitur* apply to this case? Does the accident itself bespeak the wrong of the appellant? Actions in tort to recover for injury to person or property are divisible, according to the intent of the doer of the injury, into those based upon (1) willfulness and (2) negligence. The latter class is subdivisible, according to the relative rights and duties of the doer and of the sufferer of the injury, into (1) cases in which the doer owes the sufferer a higher duty in relation to the causal act or omission than the sufferer owes the doer,—that is, the doer is under a special, absolute duty which is not reciprocal, imposed by positive law or arising from the contract relation between the parties; and (2) cases in which the rights and duties of the doer and sufferer are co-ordinate and complementary. (Pollock on Torts, 19; *Wabash, St. Louis and Pacific Railway Co.* v. *Locke,* 112 Ind. 404; 14 N. E. Rep- 391.) In cases within the latter subdivision the parties are strangers. They stand at arm's length. Each has the right to go about his own business, expecting the other to use due foresight not to injure him. Each owes the other the duty of exercising due care to avoid injuring or being injured. If an action is based upon the breach of this duty, the plaintiff must aver and prove that the causal act or omission was one which a reasonably prudent person in the defendant's

place would have foreseen might cause the injury." And it was further said: "In the class of cases to which this belongs, wherein the gist of the action lies in the failure of the defendant to exercise reasonable care, the maxim *res ipsa loquitur* can be allowed no broader scope than this. If the evidence which shows the injury discloses, in itself, that the defendant, in relation to the causal act or omission, did not exercise that degree of care which the law requires, the plaintiff has discharged the burden of proving negligence; otherwise not." Numerous cases are cited by the court in support of, and which, we think, clearly establish, the above propositions.

In the case at bar the plaintiff was standing on a street crossing, and the appellant only owed him the same duty that it owed the public in general,—that is, reasonable diligence and care to avoid injury. So far as anything in the record discloses, the injury sustained by the plaintiff was the result of a pure accident, and for such the law provides no compensation. (*Lewis* v. *Flint and Pere Marquette Railway Co.* 54 Mich. 55.) The only evidence the record contains with reference to the promoting cause of the injury would indicate it to have been the result of accident. Brown, the only eye witness to describe the projecting timber which it is claimed struck the plaintiff, stated: "I noticed lumber on the train. The sleepers under the timbers on the car slipped." The witness also stated that the night was so dark and foggy and no light near, that he could not see the plaintiff, who was just across the street. So, while he did testify that the timber projected about eighteen inches or two feet beyond the side of the car, the conditions were not such as to preclude the possibility of mistake in the estimate of the witness. There is no evidence as to how, when or where the car was loaded or how long a time the timber had been projecting from the car. The condition can be accounted for as readily on the hypothesis of pure accident and absence of negligence as upon the ground of negligence, and the rule is well settled

that negligence cannot be presumed where nothing is done out of the usual course of business unless that course itself is improper. (*Mitchell* v. *Chicago and Grand Trunk Railway Co.* 51 Mich. 236.) The appellant's course of business, in this instance, is not attacked in any way. There is nothing to show that the projecting timber, even if it can be said it would be evidence of negligence if intentionally allowed to remain in the position it was, had been so long projecting that the appellant could or should have had notice thereof. As said in *Wabash, St. Louis and Pacific Railway Co.* v. *Locke,* 112 Ind. 404: "Where an event takes place the real cause of which cannot be traced or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental; and in a case like this, where the plaintiff asserts negligence, he must show enough to exclude the case from the class of accidental occurrences." And further said: "Where, as in the case under consideration, the obligation is not in its nature so nearly absolute, and the circumstances of the accident suggest, at first blush, that it may have been unavoidable notwithstanding ordinary care, the plaintiff charging negligence assumes the burden of proving that the defendant has by some act or omission violated a duty incumbent on it, from which the injury followed in natural sequence.—*Nitro Glycerine Case,* 15 Wall. 524; *Mitchell* v. *Railway Co.* 51 Mich. 236; 16 N. W. Rep. 388; Patterson on Railway Accident Law, sec. 373."

We are of the opinion that the case at bar does not belong to that class of cases where the rule of *res ipsa loquitur* can be applied, and unless it does, the peremptory instruction offered by appellant should have been given, and it was error to refuse it.

The judgment of the Appellate Court is therefore reversed and the cause remanded to the circuit court of Cook county for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*