·CINCINNATI, N. O. & T. P. R. Co. *v.* BROCK.[*]

(*Knoxville.* September Term, 1915.)

1. **RAILROADS.** Injuries to persons on tracks. Duty of care. Burden of proof.

Under Shannon's Code, sec. 1574, subd. 4, declaring that every railroad company shall keep a lookout, and, when any person or other obstruction appears on the track, take all means to prevent an accident, and section 1576, declaring that no railroad company that observes such precautions shall be responsible for damage done to persons on its road, one suing for the death of her intestate, killed on defendant's road, has the burden of showing that such intestate was on or so near the track as to be an obstruction before the railroad company is bound to show that it observed the statutory precautions. (*Post, p.* 478.)

Case cited and approved: Virginia, etc., R. Co. v. Hawk, 160 Fed., 348.

Code cited and construed. Sec. 1574, subsec. 4; sec. 1576 (S.).

2. **CERTIORARI.** Review. Questions presented.

Where a judgment for plaintiff was reversed by the court of civil appeals, and the defendant did not by its own petition and assignment of error present for review by the supreme court the holding that the denial of its motion for a peremptory instruction was not error, the question is not open to review on *certiorari* brought by plaintiff. (*Post, p.* 480.)

Case cited and construed: Knight v. Cooley, 131 Tenn., 21.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from

---

[*]Generally as to duty of railroad to maintain lookout on track see notes in 25 L. R. A., 287, 8 L. R. A. (N. S.), 1069, 41 L. R. A. (N. S.), 264.

the Court of Civil Appeals to the Supreme Court.— NATHAN L. BACHMAN, Judge.

M. N. WHITAKER, for plaintiff.

ALLISON, LYNCH & PHILLIPS, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action to recover for the death of plaintiff's intestate on the track of the railway company, by reason of a claimed violation of statutory regulations on the part of defendant.

Subsection 4 of section 1574 of Shannon's Code, upon which the action is based, is as follows:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

Section 1576 provides:

"No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damage done to person or property on its road. The proof that it has observed said precautions shall be upon the company."

One of the questions to be herein dealt with is as to the correctness of the charge of the trial judge on the

point of where lies the burden of proof to show that the deceased appeared on the track, or within striking distance of the track, as an obstruction.

The trial judge gave the jury instruction as follows:

"If you find that the deceased was killed (and the defendant admits that), then you will inquire whether or not the defendant, the railroad company, did what the law required it to do. If it shows you by the greater weight of the evidence that it did, that it had some one on the lookout on the engine, and this man at the time he appeared in the vision of the engineer was not in striking distance of the train, then there was no duty that devolved upon the engineer to sound an alarm or put down the brakes."

The court of civil appeals held this to be error, and properly so. By this charge, both the parties concede, the burden was placed on the defendant railway company in that regard; whereas, the burden of proof was on the plaintiff to show that the deceased appeared upon the track, or was so near to it as to be an obstruction. Until this was done there was not made the *prima facie* case that would place, in turn, upon the defendant the burden of showing that its employees had observed the prescribed statutory precautions of sounding the whistle, etc.

The point was so ruled in a case, arising in this State and the action based on the above statute, by the circuit court of appeals for the sixth circuit. *Virginia, etc., R. Co.* v. *Hawk,* 160 Fed., 348, 87 C. C. A., 300.

The railway company attempts to call in question the holding of the court of civil appeals that its motion for a peremptory instruction to the jury to return a verdict of nonliability was not sustainable; but we are not called upon to pass on that question, since the railway company as the successful party in that court has not by its own petition and assignment of errors brought that particular ruling before us for review, as it might have done. The only petition filed is that of the plaintiff, challenging the ruling of the court of civil appeals on the charge of the circuit judge adverse to her. *Knight* v. *Cooley,* 131 Tenn., 21, 173 S. W., 435.

Without expressing any view upon the soundness of the decision on that particular point, the judgment of reversal rendered by the court of civil appeals is affirmed in the respects indicated by a memorandum or judgment handed down herewith.