E. E. Preslar *v.* Mobile & O. R. Co.

(*Jackson.* April Term, 1916.)

1. **RAILROADS.** Injuries to persons on tracks. Actions. Statute.

Shannon's Code, section 157, subd. 4, providing that every railroad company shall keep the engineer, fireman, or some other person on the locomotive always on the lookout ahead, and when any person appears upon the railroad, the alarm whistle shall be sounded, the brakes put on, and every possible means employed to stop the train and prevent an accident, does not apply where a trespasser, walking along the railroad right of way, was struck by a piece of timber which became loose and projected from a lumber car; for there was nothing to show the trespasser's danger to the engineer, who did not know of projecting timber. (*Post, pp.* 45, 46.)

Cases cited and approved: Cincinnati, etc., R. Co. v. Brock, 132 Tenn., 477.

Code cited and construed: Sec. 1574 (S.).

2. **RAILROADS.** Injuries to persons on tracks. Trespasser.

Where the servants in charge of a train did not know that a piece of timber was projecting from a lumber car, they do not owe a trespasser on the right of way any duty to exercise care to prevent him from being struck by the projecting timber. (*Post, p.* 46.)

Cases cited and approved: Todd v. Cincinnati, etc., R. Co., 185 S. W., 62; Carr v. Mo. Pac. R. Co., 195 Mo., 214.

3. **RAILROADS.** Injuries to persons on tracks. Actions. Res ipsa loquitur.

Where a trespasser on a railroad right of way was struck by a piece of timber which projected from a lumber car and it did not appear how the lumber was loaded or whether the timber

Preslar v. Railroad.

was caused to project by reason of negligence of the railroad company and there was no showing as to how long it had projected, negligence on the part of the railroad company cannot be based on the doctrine of *res ipsa loquitur*.  (*Post, pp.* 46, 47.)

Case cited and approved:  Chicago, etc., R. Co. v. Reilly, 212 Ill., 506.

Case cited and distinguished: Louisville, etc., R. Co. v. Marlow, 169 Ky., 140.

---

FROM GIBSON

---

Appeal from the Circuit Court of Gibson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— Thos. E. Harwood, Judge.

Deason, Elder & Holmes, for plaintiff.

Cooper & Clark, for defendant.

Mr. Justice Williams delivered the opinion of the Court.

W. A. Lemon, the intestate of plaintiff, was killed by a piece of scantling which projected from a carload of lumber in a train operated by defendant through the city of Trenton.  Intestate was, or had been, a railroad man in his home State of Illinois, and at the time of his death was on a visit to Trenton.  It appears that he had taken a walk down defendant's line of railway some distance south of the depot, and had seated him-

self on the end of a cross-tie in the main line. Opposite him there was a freight train standing on a siding that was east of and paralleled the main line, the engine heading south and standing near the switch point south of where the deceased sat. Another of defendant's trains, a through freight train, coming in from the south on the main line, blew for the station, and the bell was also ringing. Deceased arose and started towards the depot. This placed him between the two freight trains. The piece of scantling that projected from the lumber car which was about seven cars back of the engine of the north-bound train, struck plaintiff's intestate, killing him. The scantling protruded about six feet from the edge of the car on its east side.

The track was straight enough to have permitted deceased to have seen the projection had he looked back. This piece of lumber scraped the cab of the engine on the side track in passing it, but the proof does not show when, if at all, before that it had become detached and swung out from the car. Actual knowledge of its projection on the part of the employees operating the through freight train was not shown, though it could have been seen from the engine and the caboose.

No reason or excuse for deceased's being at the particular place is given in pleading or proof; it is not shown that he was walking, when struck, along a path that was customarily used by the public as a walkway. On the contrary, counsel for the plaintiff admit that deceased was a trespasser.

At the close of the plaintiff's testimony the defendant company moved for peremptory instructions in its favor, which motion was sustained. The court of civil appeals affirmed the judgment.

It is urged in this court for error that there was a failure on the part of the enginemen on the through train to observe the precautions prescribed by the statute, and that the railway company is liable.

The statute (Code, Shannon, section 1574, subsec. 4) provides that:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent the accident."

In a recent case it was held that burden of compliance with this statute does not arise until the person appears on the track, or within striking distance of the track, as an obstruction. *Cincinnati, etc., R. Co.* v. *Brock,* 132 Tenn., 477, 178 S. W., 1115.

"Striking distance of the track," in this connection means the sweep of the rolling stock in the train as normally constructed and operated. If any unit of the train is above the usual width, its reach or the effect of its reach would be the measure of striking distance; but within the meaning of that term it would not be fair to include casual or sporadic projections such as the one here appearing. The enginemen, on the look-

out ahead, could not be held to anticipate the existence of such a projection as an enlargment of the train's sweep, endangering one walking or standing beside the track. The statute, therefore, had no application to the facts of the case.

Was there a case for the jury on the count that averred common-law negligence?

We think it manifest that until the employees operating the through train had knowledge, actual, or constructive arising from the continued existence of the projection, there was imposed no duty towards deceased as a trespasser at such a place where persons are not shown customarily to be, or where their presence was to be anticipated. He did not appear to them to be in a place of danger, so as to present a case of discovered peril. *Todd* v. *Cincinnati, etc., R. Co.,* 185 S. W., 62; *Carr* v. *Missouri Pac. R. Co.,* 195 Mo., 214, 92 S. W., 874.

There was no evidence as to the manner in which the lumber had been loaded on the car, or whether the projection was caused or occasioned by any negligence of the defendant or by a mere accident; and, as noted above, it was not shown to have been in the dangerous position for such a length of time as to give rise to constructive knowledge of its position or of the danger it threatened. The rule of *res ipsa loquitur* is not applicable on these facts. *Chicago, etc., R. Co.* v. *Reilly,* 212 Ill., 506, 72 N. E., 454, 103 Am. St. Rep., 243.

The court of appeals of Kentucky used this language in a recent case which involved an injury to a person

who was walking in a path at the end of the tross-ties and was struck by an iron pipe which swung out from a passing train:

The fact that the piece of iron was seen dragging along from the car two hundred feet from the place where the party was hurt, "without showing what connection it had with the equipment or the length of time it had been in the condition observed or what caused its loose condition, is insufficient to show any affirmative act of negligence rendering the railroad company liable." *Louisville, etc., R. Co.* v. *Marlow,* 169 Ky., 140, 183 S. W., 470.

The motion for peremptory instructions was properly granted. Affirmed.