SOUTHERN RAILWAY COMPANY,
Appellant,

v.

David W. HUTCHINGS, a Minor, by Next
Friend, James H. Hutchings,
Appellee.

No. 14076.

United States Court of Appeals
Sixth Circuit.

April 11, 1961.

O'Sullivan, Circuit Judge, dissented.

Clyde W. Key, Knoxville, Tenn. (Key
& Lee, Knoxville, Tenn., on the brief),
for appellant.

H. Calvin Walter, Knoxville, Tenn., for
appellee.

Before McALLISTER, Chief Judge,
and MARTIN and O'SULLIVAN, Circuit
Judges.

MARTIN, Circuit Judge.

The Southern Railway Company has
appealed from a judgment for $10,000
entered on a jury verdict for the appellee,
David W. Hutchings, a twelve-year-old
boy. The jury award was for personal in-
juries resulting from the boy's being
struck by a step protruding from a ca-
boose of one of the appellant's freight
trains.

The issue presented is whether appel-
lant was entitled, on the evidence, to a
directed verdict in the district court. It
is the contention of the Railway Company
that the plaintiff failed to make a case for
the jury under the Tennessee Statutory
Precautions Act. Section 65–1208(4),
Tennessee Code Annotated, the applicable
section, provides that each railroad shall
cause its crews to be always on the look-
out ahead; and that if any person, ani-
mal, or other obstruction, "appears upon
the road, the alarm whistle shall be
sounded, the brakes put down, and every
possible means employed to stop the train
and prevent an accident."

The question to be answered is whether
there was any evidence upon which the
jurors as reasonable persons could find

that the appellee appeared as an "obstruction upon the road" ahead of the train, within the meaning of the Statutory Precautions Act. It is undisputed that the crew of the train took none of the steps required by the Act. Therefore, if evidence was introduced from which the jury could reasonably find that the boy was an obstruction upon the track, then under the Act, since its provisions were not met, there would be no doubt of the railroad's liability.

■ After careful consideration of the testimony, we think that there is substantial evidence from which the jury could have found that the boy was an obstruction upon the road within the meaning of the Act; and that it is proper for the case to have been submitted to the jury.

■ The Tennessee authorities, which are controlling, have defined what is meant by an "obstruction." In Preslar v. Mobile and Ohio R. Co., 1916, 135 Tenn. 42, 185 S.W. 67, it is stated that such an obstruction must be "within the sweep of the train"; and, in Gaines v. Tennessee Central Railroad Co., 1940, 175 Tenn. 389, 135 S.W.2d 441, the Supreme Court of Tennessee held that such "obstruction" must be an object appearing on the track in front of a moving train, or so near the track that the object will be struck by the moving train. This court held likewise in Louisville & Nashville R. R. v. Farmer, 6 Cir., 1955, 220 F.2d 90. It was the plaintiff-appellee's burden, moreover, to show that he had become an obstruction ahead of the train where he could have been observed by the train's crew.

■ In Gajda v. Reick-McJunkin Dairy Co., 6 Cir., 18 F.2d 279, 280, our court thus stated its position in considering the propriety of a directed verdict for the defendant: "In determining the propriety of the directed verdict for defendant, we must take that view of the evidence, and the inferences reasonably and justifiably to be drawn therefrom, most favorable to the plaintiff, and determine whether or not, under the law, a verdict might be found for the plaintiff. * * *

Neither we nor the trial judge can rightly pass upon conflicting testimony, or determine the credibility or preponderance thereof." This rule has been repeatedly recognized.

In the instant case, it is true that there is no testimony which clearly and unequivocally places the boy on the track. Nor does the testimony in terms of feet and inches place him "within the sweep of the train." However, it is our opinion that the testimony of David Hutchings, "and the inferences reasonably and justifiably to be drawn therefrom," constitute evidence from which reasonable men could find that David was so near the track that he would have been struck by the moving train and, therefore, was "within the sweep of the train."

David testified that he was going up the path by the tracks as the train was coming down toward him. This places him in front of the train. The path is right beside the crossties. From photographs in evidence, it appears that the path is bordered on one side by thick and high undergrowth and on the other by the crossties. This would confine the boy, while on the path, to an area immediately next to the track. We think it is not an unreasonable inference that the jury could have found, in reaching a verdict for the plaintiff, that, at the time the train was coming down toward him and at a time when the crew by the exercise of due care should have seen him, the lad was actually within such proximity to the track itself that he would have been struck by the moving train.

The record contains conflicting evidence, especially in the testimony of the train crew. However, in considering an appeal on the question of the propriety of the denial of a directed verdict, it is not the province of the court to consider the weight or preponderance of the evidence. In such posture, the function of the appellate court is to consider the evidence in the light most favorable to the plaintiff. This being true, the case should have been submitted to the jury

under appropriate instructions—the course followed by the district judge.

Accordingly, the judgment entered on the verdict of the jury is affirmed.

O'SULLIVAN, Circuit Judge (dissenting).

I regret my inability to concur in the opinion of my learned brothers. I am unable to find the fact, or facts, from which a jury could infer that the plaintiff was an "obstruction which appeared upon the road" within the meaning of Section 65–1208(4), Tennessee Code, Annotated.

Under Tennessee law, the burden was upon plaintiff to show that he, in fact, had become an obstruction ahead of the train at a time when his presence as such was, or could have been, observed by the crew of the train. Cincinnati, N. O. & T. P. R. R. Co. v. Brock, 132 Tenn. 477, 178 S.W. 1115; Meador v. Nashville, C. & St. L. R. Co., 177 Tenn. 273, 148 S.W.2d 371.

To constitute an "obstruction which appears upon the road," such obstruction must be an object appearing on the track in front of a moving train, or so near to the track that the object will be struck by the moving train. Gaines v. Tenn. Central R. Co., 1940, 175 Tenn. 389, 135 S.W.2d 441; Louisville & N. R. Co. v. Farmer, 6 Cir., 1955, 220 F.2d 90. Such obstruction must be "within the sweep of the train." Preslar v. Mobile & O. R. Co., 1916, 135 Tenn. 42, 185 S.W. 67.

It was undisputed that between the time that the plaintiff boy entered the path along the railroad tracks and the time he was struck, all parts of the train except the caboose had passed him. It is clear, therefore, that the plaintiff was not "within the sweep of the train" insofar as the engine and some dozen or more of the box cars were concerned. Southern Ry. Co. v. Matthews, 6 Cir., 1928, 29 F.2d 52, 57. Defendant introduced evidence which showed that although the caboose, including the step which struck the plaintiff, was wider than the engine, there were on this train box cars which were wider than the caboose.

Plaintiff had the burden in the first instance of showing that he was, at a time when he would have been within the view of the train crew, "within the sweep of the train." Cincinnati, N. O. & T. P. R. R. Co. v. Brock, supra; Meador v. Nashville, C. & St. L. R. Co., supra. Although he testified that while the train was approaching him he was on the path on the east side of the track, he did not attempt to say how far to the east of the track he actually was. In respectful disagreement with my brothers, I am of the opinion that there is nothing in the record from which it could justifiably be inferred that his presence anywhere on the path put him within the sweep of passing trains. A contrary conclusion follows from the undisputed fact that the plaintiff, while walking on this path, had, except for the caboose, been passed by the entire train, which included box cars wider than the caboose. Photographs of the area contained no proof that the undergrowth which bordered the path confined the boy, while on it, to an area which would place him within "the sweep of the train." It is, indeed, unlikely that persons whose use of the area created the path would be walking so close to the tracks as to be struck by a passing train. The only evidence which established plaintiff's position on the path with relation to the ties or rails came from his marking on an exhibit his location at the time he commenced his journey northward on the path. He placed a circular mark to identify such location. This placed him east of the east rail of the abandoned spur track. At that point, he was some eight feet to the east of the nearest rail of the track upon which the train was approaching. There, he was clearly outside of "the sweep of the train" and there is no evidence as to how far he had gone on his journey northward at the moment the train passed him. Accordingly, there is nothing in this record from which a finding could be made that plaintiff was, in fact, within the sweep of this train at some time when he was within the view of the train crew. It was plaintiff's burden to offer some evidence

from which such finding could be made. The fact that at the time he was struck he was within the sweep of the train is no evidence that he was there at such time as to require the crew of the train to take the steps prescribed by the Tennessee Statutory Precautions Act. Southern Ry. Co. v. Matthews, 6 Cir., 1928, 29 F.2d 52. Members of the train crew testified that they never did see the plaintiff. This was not merely negative evidence, but was to the effect that had plaintiff been within view, they would have seen him.

I am of the opinion that a verdict should have been directed for defendant, and would reverse the judgment with direction to enter judgment for defendant.