**George R. HOLT, Jr., Plaintiff,**

v.

**The CONTINENTAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2306.**

United States District Court,
E. D. Tennessee,
Northeastern Division.
March 11, 1970.

---

Richard W. Pectol, Johnson City, Tenn., Shelburne Ferguson, Jr., Kingsport, Tenn., for plaintiff.

S. J. Milligan, Milligan, Silvers, Coleman & Fletcher, James W. Fletcher, Milligan, Silvers, Coleman & Fletcher, Greenville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for the breach by the defendant of its contract of automobile public liability insurance with the plaintiff. The jury returned its verdict for the plaintiff and awarded him damages of $19,000 against the defendant. The defendant has now interposed a motion to have the verdict and judgment herein set aside and a judgment entered in its favor, notwithstanding the verdict of the jury. Rule 50(b), Federal Rules of Civil Procedure. This motion is without merit.

The defendant, first, contends there was no evidence which can sustain a verdict for the plaintiff, and secondly, claims particularly that there was no evidence which showed the defendant's personnel and agents were guilty of such negligence as to amount to bad faith. The defendant made a motion at the close of all the evidence, which was denied. " * * * The applicable judicial standard to determine the correctness of the denial of a directed verdict and a judgment notwithstanding the verdict is the same, since the motion for a judgment notwithstanding the verdict merely renews an earlier motion for a directed verdict. * * * " Minton v. Southern Railway Company, C.A. 6th (1966), 368 F.2d 719, 720 [4].

In ruling on the defendant's motion for a directed verdict, this Court viewed the evidence in the light most favorable to the plaintiff and did not find and conclude therefrom that reasonable minds could arrive at but one conclusion, and that in favor of the defendant. Price v. Firestone Tire and Rubber Company, C.A. 6th (1963), 321 F.2d 725, 726 [2]. Within this purview, the Court took that view of the evidence and the inferences reasonably and justifiably to be drawn therefrom which were most favorable to the plaintiff and determined that, under the law, a verdict might be found for the plaintiff. Southern Railway Company v. Hutchings, C.A. 6th (1961), 288 F.2d 837, 838 [4].

Evidence of the good faith or bad faith of the defendant's representatives in investigating the third-person's claim against the plaintiff, and in failing to settle such claim within the policy limits, in the light of all the relevant circumstances, and the inferences to be drawn therefrom, was such as to leave reasonable basis for disagreement among reasonable minds. Thus, the question of the bad faith of the defendant in the handling of such claim and conducting the negotiations for a compromise within the policy limits could have been decided only by the jury. State Auto. Ins. Co. of Columbus, Ohio v. Rowland (1968), 221 Tenn. 421, 427 S. W.2d 30, 34, citing and quoting from Southern Fire & Casualty Co. v. Norris, C.A.Tenn. (1952), 35 Tenn.App. 657, 250 S.W.2d 785, 791 [8], certiorari denied (1952).

Motion denied.